IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| Sanchez Energy Corporation, *et. al.* | § | Case No. 19-34508 |
| | § | |
| *Reorganized Debtors.*[1] | § | (Jointly Administered) |
| | § | |
| | § | |
| Carnero G&P, LLC | § | |
| | § | Adversary No. ______________ |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| SN EF UnSub LP, Eagle Ford TX LP, Venado EF L.P., Mitsui E&P Texas LP, SN EF Maverick, LLC, and Mesquite Energy, Inc. | § | |
| | § | |
| *Defendants.* | | |

## NOTICE OF REMOVAL

Defendants SN EF UnSub LP, Eagle Ford TX LP, Javelin EF L.P. (f/k/a Venado EF L.P.), Mitsui E&P Texas LP, SN EF Maverick, LLC, and Mesquite Energy, Inc. remove the state court action styled *Carnero G&P, LLC v. SN EF UnSub LP, Eagle Ford TX LP, Venado EF L.P., Mitsui E&P Texas LP, and Mesquite Energy, Inc.,* Cause No. 2022-04224, in the 215th District Court of Harris County, Texas (the "**State Court Action**"), to the United States

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sanchez Energy Corporation (0102); SN Palmetto, LLC (3696); SN Marquis LLC (0102); SN Cotulla Assets, LLC (0102); SN Operating, LLC (2143); SN TMS, LLC (0102); SN Catarina, LLC (0102); Rockin L Ranch Company, LLC (0102); SN EF Maverick, LLC (0102); SN Payables, LLC (0102); and SN UR Holdings, LLC (0102). The location of the Reorganized Debtors' service address is 700 Milam Street, Suite 600, Houston, Texas 77002.

Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**"), through referral by the United States District Court for the Southern District of Texas, Houston Division (the "**District Court**"), pursuant to the District Court's General Order 2012-6. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, and Rules 9027-1 and 9027-2 of the Southern District of Texas Bankruptcy Local Rules. Jurisdiction of this case arises under 28 U.S.C. § 1334 and 11 U.S.C. §§1142, 105.

## PROCEDURAL BACKGROUND

### A. The Parties

1. Plaintiff Carnero G&P LLC ("**Carnero**") is a Delaware limited liability company, owned fifty percent (50%) by TPL SouthTex Processing Company LP ("**Targa**") and fifty percent (50%) by Evolve Transition Infrastructure LP (f/k/a Sanchez Midstream Partners LP) ("**SNMP**") with its principal place of business in Houston, Texas. Plaintiff's counsel is:

Eugene M. Nettles
Joshua W. Wolfshohl
Amy C. Falcon
**Porter Hedges LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6295
enettles@porterhedges.com
jwolfshohl@porterhedges.com
afalcon@porterhedges.com

2. Defendant SN EF UnSub, LP ("**UnSub**") is a limited partnership organized under the laws of Delaware with its principal place of business at 1111 Bagby Street, Suite 2050, Houston, Texas 77002. UnSub's counsel is:

Paul M. Basta
Alice Belisle Eaton

Andrew J. Ehrlich
Sean A. Mitchell
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3900
pbasta@paulweiss.com
aeaton@paulweiss.com
aehrlich@paulweiss.com
smitchell@paulweiss.com

and

Thomas A. Woolley, III
**McCloskey Roberson, PLLC**
945 Heights Blvd.
Houston, Texas 77008
Telephone: (713) 337-3910
Facsimile: (713) 868-1275
rwoolley@mrwpllc.com

3. Defendant Eagle Ford TX LP ("**Eagle Ford**") is a limited partnership organized under the laws of Texas with its principal place of business at 5599 San Felipe Road, Suite 725, Houston, Texas 77056. Eagle Ford's counsel is:

Michelle Pector, Esq.
Jared Wilkerson, Esq.
**Morgan, Lewis & Bockius LLP**
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
michelle.pector@morganlewis.com
jared.wilkerson@morganlewis.com

Julia Frost-Davies, Esq.
Amy L. Kyle, Esq.
**Morgan, Lewis & Bockius LLP**
One Federal Street
Boston, MA 02215
Telephone: (617) 341-7700

Facsimile: (617) 341-7701
julia.frost-davies@morganlewis.com
amy.kyle@morganlewis.com

4. Defendant Venado EF L.P., now known as Javelin EF L.P. ("**Javelin**"), is a limited partnership organized under the laws of Delaware with its principal place of business at 13215 Bee Cave Pkwy, Suite B-350, Austin, Texas 78738. Javelin's counsel is:

Sydney Corry
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
sydney.corry@kirkland.com

Conor P. McNamara
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
conor.mcnamara@kirkland.com

5. Defendant Mitsui E&P Texas LP ("**Mitsui**") is a limited partnership organized under the laws of Texas with its principal place of business at 1300 Post Oak Blvd., Suite 1800, Houston, Texas 77056. Mitsui's counsel is:

Duston K. McFaul
Maegan Quejada
**Sidley Austin LLP**
1000 Louisiana St., Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
dmcfaul@sidley.com
mquejada@sidley.com

6. Defendant SN EF Maverick, LLC ("**Maverick**") is a limited liability company organized under the laws of Delaware with its principal place of business at 700 Milam Street, Suite 600, Houston, Texas 77002. Maverick's counsel is:

James G. Munisteri
**Foley & Lardner LLP**
1000 Louisiana, Suite 2000
Houston, Texas 77002
Tel. 713.276.5500 / Fax 713.276.5555
jmunisteri@foley.com

and

Dennis Jenkins
Joseph Bretschneider
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8276
Facsimile: (212) 728-8111
djenkins@willkie.com
jbretschneider@willkie.com

Mark T. Stancil
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1133
Facsimile: (202) 303-2133
mstancil@willkie.com

7. Defendant Mesquite Energy, Inc. f/k/a Sanchez Energy Corporation ("**Mesquite**") is a corporation organized under the laws of Delaware with its principal place of business at 700 Milam Street, Suite 600, Houston, Texas 77002. Mesquite's counsel is:

James G. Munisteri
**Foley & Lardner LLP**
1000 Louisiana, Suite 2000
Houston, Texas 77002
Tel. 713.276.5500 / Fax 713.276.5555

jmunisteri@foley.com

and

Dennis Jenkins
Joseph Bretschneider
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8276
Facsimile: (212) 728-8111
djenkins@willkie.com
jbretschneider@willkie.com

Mark T. Stancil
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1133
Facsimile: (202) 303-2133
mstancil@willkie.com

8. Mitsui, Javelin, and Eagle Ford are referred to collectively as the "**WIPs**". The WIPs, along with UnSub, Maverick, and Mesquite are referred to collectively as "**Defendants**".

**B. The Bankruptcy Case**

9. On August 11, 2019, Sanchez Energy Corporation and certain of its affiliates (the "**Debtors**") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. On August 12, 2019, the Court entered an order directing joint administration of the bankruptcy cases of the Debtors, with the lead bankruptcy case as Case No. 19-3408, *In re Sanchez Energy Corporation, et al.* (the "**Bankruptcy Case**").

10. As the Court is aware, these Chapter 11 cases followed an unusual course. On April 30, 2020, the Court confirmed the Debtors' Plan of reorganization under the extraordinary circumstances of a global pandemic combined with continued stress in the oil and gas industry. *See Order Approving Disclosure Statement and Confirming Plan of Reorganization* [19-

34508 Dkt. No. 1212] (the "**Confirmation Order**") and *Second Amended Joint Chapter 11 Plan of Reorganization of Sanchez Energy Corporation and Its Debtor Affiliates* (the "**Plan**"). The Plan provided for, among other things, the equitization of approximately $100 million of postpetition, debtor-in-possession loans and, as is particularly relevant here, delayed litigation with respect to assumption or rejection of the Debtors' executory contracts until after the Plan Effective Date (as defined below), allowing for a restructuring of the Debtors' midstream arrangements. *See* Plan at 16 (Art. III.C.3); 26 – 27 (Art. V.B.). This unusual framework came together in the early weeks of the COVID-19 pandemic when "oil and gas prices collapsed" and Mesquite "faced a possible conversion of its Chapter 11 bankruptcy case to one under chapter 7." *In re Sanchez Energy Corp*., 631 B.R. 847, 851 (Bankr. S.D. Tex. 2021). To forestall liquidation, Sanchez and its creditors agreed to confirm a Chapter 11 plan first and restructure the Debtors' midstream operations later. *Id.*

11. On June 30, 2020 (the "**Plan Effective Date**"), the Debtors filed the Notice of Effective Date. *See* Dkt. No. 1417.

12. Pursuant to the Plan, the Debtors were required to identify certain executory contracts and unexpired leases either to be rejected as listed on Exhibit B (as amended, the "**Rejection Schedule**") or to be assumed as listed on Exhibit C (as amended, the "**Assumption Schedule**") to the Plan. [19-34508 Dkt. 1212 at 10 ¶¶17, 18, 55]; *see also* Plan, Art. V. If no party in interest filed a timely objection to a contract's inclusion on either the Rejection Schedule or Assumption Schedule, the executory contract or unexpired lease was deemed assumed or rejected as indicated, effective as of the Plan Effective Date. *Id.* For those contracts to which an objection was timely filed, the Plan provides that the contract "shall not be deemed assumed or rejected, as applicable, until entry of an order resolving the dispute and approving the assumption or rejection" of such executory contract or unexpired lease. *Id.*

13. Section XI of the Plan further provides that the Bankruptcy Court would "retain exclusive jurisdiction over all matters arising out of, or related

to, the Chapter 11 Cases and the Plan" including to "**resolve any matters related to Executory Contracts or Unexpired Leases**, including: (a) the assumption . . . of any Executory Contract . . . to which a Debtor is a party" and "(b) any potential contractual obligation under any Executory Contract[.]" [19-34508 Dkt. 1212 at 69 (emphasis added).]

14. Paragraph 17 of the Confirmation Order provides that any "Executory Contract or Unexpired Lease that is subject to an unresolved objection to the proposed assumption or rejection of such Executory Contract or Unexpired Lease . . . shall not be deemed to be assumed or rejected, as applicable, until entry of an order resolving the dispute approving the assumption or rejection." [19-34508 Dkt. 1212 at 10 ¶17.] Paragraph 24 provides that, until the bankruptcy court resolves the dispute regarding assumption or rejection, the "agreement shall continue as in effect immediately prior to the Effective Date." [19-34508 Dkt. 1212 at 15 ¶24.]

### C. The State Court Action

15. Carnero filed *Plaintiff's Original Petition* and initiated the State Court Action on January 21, 2022. Eagle Ford, Mitsui, and Javelin were each served with the Original Petition on January 27, 2022.

16. On January 27, 2022, Carnero filed *Plaintiff's Amended Petition*.

17. Maverick, Mesquite, Mitsui, Eagle Ford, Javelin, and UnSub, were served with Plaintiff's Amended Petition on February 2, 2022.

18. None of the Defendants has filed an answer or other responsive pleading in state court. The Defendants and Plaintiff executed a stipulation extending the Defendants' deadline to file responsive pleadings until February 28, 2022.

## BASIS FOR REMOVAL

19. Section 1452 provides that a "party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim

or cause of action under section 1334 of this title." 28 U.S.C. § 1452. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) because it arises under Chapter 11 or arises in or is related to the Bankruptcy Case.

20. "Subject matter jurisdiction remains in the bankruptcy court, even after a bankruptcy case is closed, to assure that the rights afforded to a debtor by the Bankruptcy Code are fully vindicated." *Galaz v. Katona (In re Galaz)*, 841 F.3d 316, 322 (5th Cir. 2016) (cleaned up); *TXMS Real Estate Investments, Inc. v. Senior Care Centers, LLC (In re Senior Care Centers, LLC)*, 622 B.R. 680, 688 (Bankr. N.D. Tex. 2020). This authority includes "jurisdiction to interpret and enforce its own prior orders." *Burch v. Freedom Mortgage Corporation (Matter of Burch)*, 835 Fed. Appx. 741, 748 (5th Cir. 2021).

21. Specifically, bankruptcy courts maintain "'arising in or under' jurisdiction" (or "core" jurisdiction) over disputes centering on the interpretation of one of their orders. *Rohifard v. Brewer & Prichard, P.C. (In re ABC Dentistry, P.A.)*, 16-34221, 2019 WL 913356, at *3 (Bankr. S.D. Tex. Feb. 21, 2019), *aff'd*, BR H-16-34221-11, 2019 WL 6894775 (S.D. Tex. Dec. 17, 2019), *rev'd on other grounds*, 978 F.3d 323 (5th Cir. 2020); *see also Galaz v. Katona (In re Galaz)*, 841 F.3d 316, 322 (5th Cir. 2016) (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009)).

22. Bankruptcy courts have "related to" (or "non-core" jurisdiction) over matters that "could conceivably have any effect on the estate being administered in bankruptcy." *Maddox v. O'Cheskey (In re Am. Hous. Found.*), 09-ap-20232-RLJ, 2015 WL 5781396, at *12 (Bankr. N.D. Tex. Sept. 30, 2015); *see also Crown Vantage*, 421 F.3d 963 (9th Cir. 2005) (discussing factors for retention of "related to" jurisdiction).

23. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334, and 1367. *See In re Order of Reference to Bankruptcy Judges*, General Order of the District Court No. 2012-6 (S.D. Tex. May 24, 2012).

24. This Court's jurisdiction over this adversary proceeding was expressly contemplated by Article XI of the Plan; paragraph 43 of the Confirmation Order; paragraph 6 of the *Order Approving (A) Settlement Agreement And (B) Authorizing The Assumption of Certain Related Contracts* [19-34508 Dkt. No. 1415] (the "**Carnero Settlement Approval Order**"); and Section 6.2.1 of the Carnero Settlement Agreement (attached as Exhibit A to the *Motion for Entry of an Order Approving Settlement with Certain Midstream Counterparties* [Dkt. No. 1309] (the "**Carnero Settlement Motion**").

25. Carnero's allegations in the State Court Action, as set forth in the First Amended Petition, fall squarely within this Court's jurisdiction and directly affect the success of the Plan. Specifically, the State Court Action directly implicates the "implementation or execution" of the restructuring of the Reorganized Debtors' midstream and marketing arrangements under a global midstream settlement with the Oxy/Wes Parties[2] (the **"Midstream Restructuring**"), and requires interpretation of at least four Plan provisions, including:

- Article V, which established the unusual (but necessary) post-confirmation process for the Debtors' assumption and rejection of executory contracts;
- Article IV.D., which provided that all property of the estate "shall vest in each applicable Reorganized Debtor, free and clear" of all claims and other encumbrances;
- Article IV.F., which provided that each assumed executory contract "shall include all modifications, amendments, supplements, restatements, or other agreements that in any manner affect such Executory Contract" and that such amendments "shall not be deemed to alter . . . the validity, priority, or amount of

[2] The Oxy/Wes Parties include Occidental Petroleum Corporation, Anadarko Petroleum Corporation, Anadarko Energy Services Company, Anadarko E&P Onshore LLC (f/k/a Anadarko E&P Company LP), Kerr-McGee Oil & Gas Onshore LP, Western Midstream Partners, LP, Springfield Pipeline LLC, and WGR Operating, LP.

any Claims that may arise in connection therewith"; and

- Article VIII of the Plan, which provided for the discharge of claims against the Reorganized Debtors as of the Effective Date, exculpated the Reorganized Debtors from "any claim related to any act or omission . . . in connection with, relating to, or arising out of . . . the formulation, preparation, dissemination, negotiation, filing, or termination of the . . . Plan, or any other documents relating to the Plan [or] any Restructuring Transaction", and enjoined all claims released or discharged pursuant to the Plan.

26. The State Court Action also implicates the interpretation of at least three of the Court's prior orders, including:

- the Confirmation Order, which implemented the Plan provisions described above and reserved Carnero's right to object to its rights vesting "free and clear" of all claims against the Reorganized Debtors, provided that it file a written objection with this Court on or prior to May 20, 2020 (which Carnero failed to do); and

- the Carnero Settlement Approval Order, which approved the Carnero Settlement Agreement but was expressly conditioned on the Debtors' ability to pursue a different midstream restructuring transaction in the Debtors' best interests;

- the Stipulation and Agreed Order in *Occidental Petroleum Corp., et. al. v. Sanchez Energy Corporation*, et. al., Adv. No. 20-03198 (the "**Sanchez/Oxy Adversary Proceeding**"), which approved the assumption and rejection of certain of the Debtors' midstream contracts and effected the settlement with the Oxy/Wes Parties [No. 20-03198 Dkt. No. 157];

27. The State Court Action also raises an important question of federal bankruptcy law: whether, as interpreted by Carnero, Section 3.1(b) of the Firm Gas Gathering Processing and Purchasing Agreement between

Maverick and Carnero, effective April 1, 2018 [19-34508 Dkt. 1373-8],[3] would be unenforceable as a matter of federal bankruptcy law, because it would subject the Debtors to significant liability simply because the Debtors negotiated improvements to their midstream cost structure which were necessary to effectuate the Midstream Restructuring.

28. Lastly, the State Court Action also implicates important federal policy interests underlying the Bankruptcy Code: whether the federal policy interests underlying section 365 preempt Carnero's rights to claim that the Midstream Restructuring breached the Firm Gas Gathering Processing and Purchasing Agreement when Carnero was otherwise restored to its prepetition status quo.

29. One of the most powerful tools in a debtor-in-possession's bankruptcy "tool kit" is the ability to, subject to court approval, assume or reject any executory contract under section 365 of the Bankruptcy Code. *See In re Szenda*, 406 B.R. 574, 579 (Bankr. D. Mass. 2009). Part and parcel of a debtor's power to assume or reject an executory contract is the ability to renegotiate the terms of an executory contract to be assumed. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 526 (1984) (expressly endorsing "voluntary modification[s]" to preexisting contracts as a desirable alternative to rejection motions in the context of collective bargaining agreements); *Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985) ("Nothing in the Code suggests that the debtor may not modify its contracts when all parties to the contract consent."); *In re The Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 9 F.4th 1, 12 (1st Cir. 2021) (rejecting argument that renegotiation resulted in brand new contract because "adopting this reasoning would bar debtors from negotiating amendments to pre-petition contracts as a quid pro quo for

---

[3] The GGPA was amended, through the Amendment to Firm Gas Gatherings, Processing and Purchase Agreement by and among SN EF UnSub, LP, Eagle Ford TX LP, Venado EF L.P., Gavilan Resources, LLC, SN EF Maverick, LLC, and Carnero G&P LLC, dated as of April 1, 2018.

assumption"); *see also Bhd. of Ry., Airline & S. S. Clerks, Freight Handlers, Exp. & Station Emp., AFL-CIO v. REA Exp., Inc.*, 523 F.2d 164, 169 (2d Cir. 1975) ("The practical effect of [the predecessor statute to section 365] is to force all creditors doing business under executory contracts with the debtor in economic distress to renegotiate their mutual rights.").

30. Here, the Debtors negotiated improvements to their midstream cost structure which were necessary to effectuate the Midstream Restructuring and benefited the estate. Importantly, the Midstream Restructuring did not alter the scope or duration of "Existing Commitments" under the Firm Gas Gathering Processing and Purchasing Agreement.[4] Despite being restored to its prepetition status quo, Carnero now claims it is entitled to damages because the Debtors successfully renegotiated certain terms of its prepetition executory contracts with Defendants. Defendants respectfully submit that allowing the State Court Action to proceed outside the Bankruptcy Case would not only undercut the federal policy interests underlying section 365, but would also permit Carnero to pursue a windfall at the expense of the estate. *See Butner v. United States*, 440 U.S. 48, 55 (1979) (noting the federal bankruptcy policy that creditors should not receive a windfall merely by reason of the happenstance of bankruptcy).

## ADDITIONAL PROCEDURAL MATTERS

### A. Timely Removal under § 1446 and Bankruptcy Rule 9027(a)(3)

31. This notice of removal is timely filed because it is filed within 30 days of service and within the period provided by Federal Rule of Bankruptcy Procedure 9027(a)(3) and 28 U.S.C. §1446(b).

[4] The treatment of the "Existing Commitments" pursuant to the Midstream Restructuring is discussed in detail in the *Amended Complaint* filed contemporaneously herewith in Adversary Proceeding No. 21-04419.



4862-0823-6561.2

**B. Proper Federal Court**

32. The 215th District Court of Harris County, Texas is located within the Southern District of Texas, Houston Division. Therefore, under 28 U.S.C. §§ 1334 and 1452, and Fed. R. Bankr. P. 9027, this action is properly removed to this Court. *See, e.g., In re SBMC Healthcare, LLC,* 519 B.R. 172 (Bankr. S.D. Tex. 2014).

33. Pursuant to Local Rule 9027-1, Defendants state that they do consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**C. State Court Documents Attached**

34. Pursuant to Fed. R. Bankr. P. 9027(a) and Bankruptcy Local Rule 9027-1, an appendix is attached to this notice, which includes a copy of the state-court docket sheet and all documents filed with the state court.

**D. Notice**

35. Upon the filing of this notice of removal, the Defendants will duly notify the Clerk for the 215th District Court for Harris County, Texas, attaching a copy of this notice of removal.

*/s/ James G. Munisteri* Date: February 28, 2022

James G. Munisteri
Texas Bar No. 14667380
Sharon M. Beausoleil
Texas Bar No. 24025245
**Foley & Lardner LLP**
1000 Louisiana, Suite 2000
Houston, Texas 77002
Tel. 713.276.5500 / Fax 713.276.5555
jmunisteri@foley.com
sbeausoleil@foley.com

Sara Ann Brown
**Foley & Lardner LLP**
Texas Bar No. 24075773
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Tel. 214.999.4887 / Fax 214.999.4667
sabrown@foley.com

Dennis Jenkins
Joseph Bretschneider
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8276
Facsimile: (212) 728-8111
djenkins@willkie.com
jbretschneider@willkie.com

Mark T. Stancil
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1133
Facsimile: (202) 303-2133
mstancil@willkie.com

**Attorneys for Defendant Mesquite Energy, Inc.**

*/s/ Thomas A. Woolley, III* Date: February 28, 2022
Thomas A. Woolley, III
**McCloskey Roberson, PLLC**
945 Heights Blvd.
Houston, Texas 77008
Telephone: (713) 337-3910
Facsimile: (713) 868-1275
rwoolley@mrwpllc.com

Paul M. Basta
Alice Belisle Eaton
Andrew J. Ehrlich
Sean A. Mitchell
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3900
pbasta@paulweiss.com
aeaton@paulweiss.com
aehrlich@paulweiss.com
smitchell@paulweiss.com

**Attorneys for Defendant SN EF UnSub, LP**

*/s/ Jared Wilkerson* Date: February 28, 2022

Michelle Pector, Esq.
Jared Wilkerson, Esq.
**Morgan, Lewis & Bockius LLP**
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
michelle.pector@morganlewis.com
jared.wilkerson@morganlewis.com

Julia Frost-Davies, Esq.
Amy L. Kyle, Esq.
**Morgan, Lewis & Bockius LLP**
One Federal Street
Boston, MA 02215
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
julia.frost-davies@morganlewis.com
amy.kyle@morganlewis.com

**Attorneys for Defendant Eagle Ford TX, LP**

*/s/ Sydney Corry* Date: February 28, 2022

Sydney Corry
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
sydney.corry@kirkland.com

Conor P. McNamara
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
conor.mcnamara@kirkland.com

**Attorneys for Defendant Javelin EF L.P. (f/k/a Venado EF L.P.)**

*/s/ Maegan Quejada* Date: February 28, 2022

Duston K. McFaul
Maegan Quejada
**Sidley Austin LLP**
1000 Louisiana St., Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
dmcfaul@sidley.com
mquejada@sidley.com

**Attorneys for Defendant Mitsui E&P Texas LP**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on February 28, 2022, on all persons entitled to receive service through the Court's Pacer ECF filing system.

*James G. Munisteri*
James G. Munisteri