**NOTICE OF REMOVAL**
INDEX OF PLEADINGS, PROCESS, AND
ORDERS FROM STATE COURT ACTION

| DATE | DESCRIPTION |
|---|---|
| 01/21/2022 | Plaintiff's Original Petition |
| 01/27/2022 | Plaintiff's Amended Petition |
| 02/02/2022 | Certificate of Service – Plaintiff's Amended Petition |
| 02/10/2022 | Affidavit of Service – Eagle Ford TX, LP |
| 02/10/2022 | Affidavit of Service – Mesquite Energy, Inc. |
| 02/10/2022 | Affidavit of Service – Mitsui E&P Texas LP |
| 02/10/2022 | Affidavit of Service – SN EF Maverick LLC |
| 02/22/2022 | Stipulation |

1/21/2022 5:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61052774
By: Adiliani Solis
Filed: 1/21/2022 5:06 PM

2022-04224 / Court: 215

CAUSE NO. ________

| | | |
|---|---|---|
| CARNERO G&P LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| SN EF UNSUB, LP, EAGLE FORD TX LP, VENADO EF L.P., MITSUI E&P TEXAS LP, SN EF MAVERICK, LLC, and MESQUITE ENERGY, INC., | § § § § | |
| | § | |
| Defendants. | § | ___ JUDICIAL DISTRICT |

## Plaintiff's Original Petition

Plaintiff Carnero G&P LLC ("Carnero" or "Plaintiff") files this original petition against Defendants SN EF UnSub, LP ("UnSub"), Eagle Ford TX LP ("Eagle Ford"), Venado EF L.P. ("Venado"), Mitsui E&P Texas LP ("Mitsui"), SN EF Maverick, LLC ("Maverick"), and Mesquite Energy, Inc. ("Mesquite") and alleges as follows:

### I. Discovery Control Plan

1. Plaintiff intends that discovery be conducted under Level 2 pursuant to TEX. R. CIV. P. 190.3.

### II. Parties

2. Carnero is a Texas joint venture, owned fifty percent (50%) by TPL SouthTex Processing Company LP ("Targa") and fifty percent (50%) by Evolve Transition Infrastructure LP (f/k/a Sanchez Midstream Partners LP) ("SNMP") with its principal place of business in Houston, Texas.

3. UnSub is a limited partnership organized under the laws of Delaware with its principal place of business at 1000 Main Street, Suite 3000, Houston, Texas 77002. It may be

served through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

4. Eagle Ford is a limited partnership organized under the laws of Texas with its principal place of business at 555 San Felipe Road, Suite 1175, Houston, Texas 77056. It may be served through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

5. SN EF Maverick, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 700 Milam Street, Suite 600, Houston, Texas 77002. It may be served through its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Venado is a limited partnership organized under the laws of Delaware with its principal place of business at 13501 Galleria Circle, Suite 350, Austin, Texas 78738. It may be served through its registered agent Corporate Creations Network, Inc., 5444 Westheimer #1000, Houston, Texas 77056.

7. Mitsui is a limited partnership organized under the laws of Texas with its principal place of business at 9 Greenway Plaza, Suite 1250, Houston, Texas 77046. It may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201.

8. Mesquite is a corporation organized under the laws of Delaware with its principal place of business at 700 Milam Street, Suite 600, Houston, Texas 77002. It may be served through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## III. Jurisdiction

9. This Court has jurisdiction over this matter because it has the power to declare the rights between the parties pursuant to TEX. CIV. PRAC. & REM. CODE § 37.003, and the amount in controversy is within the jurisdictional limits of this Court.

## IV. Venue

10. Venue is proper in Harris County, Texas under Texas Civil Practice & Remedies Code section 15.002(a) (1), and 15.035(a). The agreements that form the basis of this dispute provide that all disputes must be brought in Houston, Harris County, Texas. Moreover, all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.

## V. Rule 47 Statement of Relief

11. Under TEX. R. CIV. P. 47, Plaintiff seeks non-monetary relief, monetary relief over $1,000,000, and attorney's fees and costs.

## VI. Factual Background

12. This is a dispute over contracts relating to oil and gas operations on a lease in the Western Eagle Ford Shale in Texas.

### A. The Comanche Assets

13. Prior to January 2017, Eagle Ford, Venado, Mitsui, Anadarko E&P Onshore LLC, and Kerr-McGee Oil and Gas Onshore LP all owned working interests in approximately 300,000 gross acres of oil and gas rights in acreage known as the "Comanche Assets," which is primarily located in the Western Eagle Ford Shale. Eagle Ford, Venado, and Mitsui are collectively referred to as the "WIPs."

**B. The Comanche Acquisition and Later Conveyances of the Comanche Assets**

14. By a Purchase and Sale Agreement (the "Comanche PSA") dated January 12, 2017, Maverick and various co-investors, including Gavilan Resources, LLC ("Gavilan") and UnSub, purchased the working interests of Anadarko E&P Onshore LLC and Kerr-McGee Oil and Gas Onshore LP (together, "Anadarko") in the Comanche Assets (the "Comanche Acquisition") effective July 1, 2016. After closing the Comanche Acquisition, Maverick became the operator of the Comanche Assets.

15. On or about October 16, 2020, Gavilan sold its interest in the Comanche Assets to Mesquite.[1] Gavilan did not, however, assign the Comanche PSA to Mesquite in this transaction.

16. Currently, Maverick, UnSub, Mesquite, and the WIPs own all of the working interests in the Comanche Assets.

**C. Comanche Assets Existing Commitments Dedications**

17. At the time of the Comanche Acquisition, Anadarko was obligated to gather and process its hydrocarbons from the Comanche Assets through certain midstream providers pursuant to various agreements to which Anadarko was a party (the "Existing Commitments"). The Existing Commitments prevent, in part, the delivery of gas to other service providers, such as Carnero.[2] Anadarko retained these Existing Commitments in the Comanche Acquisition transaction and did not assign them to Maverick, Gavilan, and UnSub. As a result, Maverick, Gavilan, and UnSub had no obligation to deliver their Comanche Gas to the midstream providers under the Existing Commitments. Only Anadarko had that obligation.

[1] *See In re Gavilan Resources, LLC*, Case No. 20-32656, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division [Dkt. 366 Asset Purchase Agreement at pdf p. 291)].

[2] On information and belief, any dedication to other parties was not a complete dedication because some of the gas produced from the Comanche Assets was delivered to Carnero after the time the execution of the Ratification Agreements.

18. To require Maverick, as operator of the Comanche Assets, to deliver the gas produced from Maverick's, Gavilan's, and UnSub's interests in fulfillment of Anadarko's retained obligation under the Existing Commitments, Maverick, as "Provider," and Anadarko, as the "Recipient," concurrently executed a new agreement, the Retained Midstream Contracts Services Agreement (the "Midstream Agency Agreement"). Under this agreement, Provider acts as Recipient's agent for delivering gas from the Comanche Assets on behalf of Recipient to the midstream providers who are the parties to the Existing Commitments.

19. Maverick, UnSub, Mesquite, and the WIPS never became parties to the underlying Existing Commitments. Mesquite, UnSub, and the WIPs never became parties to the Midstream Agency Agreement. As a result, none of them has a direct obligation to deliver gas under the Existing Commitments. Only Anadarko has that obligation. Once the Existing Commitments end or are terminated, Maverick, UnSub, Mesquite, and the WIPS can send the gas to other midstream providers operating in the area.

**D. Comanche Assets Dedication to Carnero under the GGPA**

20. Carnero is another midstream provider that operates in the area of the Comanche Assets. On April 1, 2018, Maverick and Carnero entered into a Firm Gas Gathering, Processing and Purchasing Agreement (the "GGPA") regarding gas from the Comanche Assets. Effective that same date, (i) UnSub, Maverick, and Carnero entered into a ratification agreement ratifying the GGPA; (ii) Gavilan (now Mesquite), Eagle Ford and Venado executed ratification agreements in substantially the same form (collectively referred to as the "Ratification Agreements"); and (iii) Unsub, Eagle Ford, Venado, Maverick, Gavilan (now Mesquite), and Carnero entered into an Amendment to the Firm Gas Gathering, Processing, and Purchase Agreement ("GGPA Amendment"). As a consequence of the various Ratification Agreements and the GGPA

Amendment, UnSub, Gavilan (now Mesquite), Eagle Ford, and Venado owe the same obligations as Maverick under the GGPA.

21. Additionally, Mitsui, Maverick, and Carnero signed a Letter Agreement also dated effective April 1, 2018 ("Letter Agreement") authorizing Maverick to process Mitsui's gas from the Comanche Assets under the GGPA as if Mitsui had ratified the GGPA as a Comanche Producer (as defined in the GGPA) after Mitsui rejects certain "Commitment Agreements" (as defined in the Letter Agreement).

**E. Producer Obligations under the GGPA**

22. The GGPA is like a top lease—it becomes effective to flow gas from the Comanche Assets to Carnero when the then-existing delivery obligations under the Existing Commitments end or are terminated. In the GGPA, Maverick, UnSub, Gavilan, and the WIPs dedicated the gas ("Dedicated Gas") from their existing interest in the Comanche Assets to Carnero ("Dedicated Acreage"). The GGPA notes that "Producer" (which includes Maverick, UnSub, Gavilan (now Mesquite), and the WIPs by virtue of the Ratification Agreements, the GGPA Amendment, and the Letter Agreement) "desires that Carnero provide certain gathering, treating and processing services, all in accordance with the terms and conditions stated in this Agreement." Therefore, part of the consideration for Carnero to enter into the GGPA was the expectation that the Producers would direct their Dedicated Gas from the Dedicated Acreage to Carnero for processing in accordance with the terms of GGPA.

**23.** Those terms and conditions include that Producer may continue to deliver gas from the Dedicated Acreage under "binding contractual commitments [the Existing Commitments]…that exist as of the Effective Date and prevent delivery of such Gas hereunder or the sale of such natural gas liquids to Carnero" until the "earlier of (A) the end of the then-current term of such Existing Commitment (excluding any subsequent 'evergreen' or 'renewal' terms, it

being understood that Producer shall give timely notice to terminate any such Existing Commitment prior to commencement of any 'evergreen' or 'renewal term')…."

### F. Mesquite's Gas from the Former Gavilan Dedicated Acreage Is No Longer Subject to the Existing Commitments

24. As stated, on or about October 16, 2020, Gavilan sold its interest in the Comanche Assets to Mesquite, but specifically did not assign the Comanche PSA to Mesquite. As a result, on information and belief, Mesquite's Dedicated Gas from the former Gavilan Dedicated Acreage was conveyed free and clear of all covenants in the Comanche PSA and free and clear of the Existing Commitments.

25. On information and belief, effective December 21, 2021, Anadarko, Mesquite, Maverick, and others, with the input and participation of UnSub and the WIPs, entered into agreements that (i) modify the commercial terms of or applicable to the Existing Commitments; (ii) cause the extension the Existing Commitments; and/or (iii) otherwise modify (or in the case of the Gavilan acreage, reinstate) the Existing Commitments in a manner that violates the GGPA. As a result, Mesquite, Maverick, UnSub, and the WIPs have undermined the purpose of the GGPA and breached their representations and promises to Carnero and their obligations as "Producers" under the GGPA.

## VII. Causes of Action

### A. Declaratory Judgment

34. Carnero adopts all prior paragraphs.

35. This is an action for declaratory judgment pursuant to Texas Uniform Declaratory Judgment Act, §37.001, et. seq. of the Texas Civil Practice and Remedies Code. Carnero is a person interested under a contract, namely the GGPA, the various Ratification Agreements, and the Letter Agreement. Carnero is a person whose rights, status, and other legal relations are

affected by those contracts. Carnero may have determined any questions of construction or validity arising under those contracts and obtain declarations of its rights, status, or other legal relations under the GGPA, the GGPA Amendments, the various Ratification Agreements, and the Letter Agreement.

36. Carnero seeks the following declarations:

(a) Pursuant to the GGPA, the GGPA Amendment, the Ratification Agreements, and the Letter Agreement, Mesquite, Maverick, UnSub, and the WIPs all agreed that the delivery to Carnero of the Dedicated Gas from their respective interests in the Dedicated Acreage was subject only to the Existing Commitments as they "exist[ed] as of the Effective Date" of the GGPA and for the "then-current term of such Existing Commitment";

(b) Mesquite, Maverick, UnSub, and the WIPs have breached the GGPA by amending or participating in amending (1) the Midstream Agency Agreement or other agreements that flow gas from the Dedicated Acreage to the midstream providers under the Existing Commitments; or (2) the Existing Commitments themselves, so that the Existing Commitments no longer exist as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment";

(c) Pursuant to the GGPA, the GGPA Amendment, and its Ratification Agreement, all of Mesquite's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero;

(d) Pursuant to the GGPA and the GGPA Amendment, all of Maverick's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero;

(e) Pursuant to the GGPA, the GGPA Amendment, and its Ratification Agreement, all of UnSub's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero;

(f) Pursuant to the GGPA, the GGPA Amendment, and their respective Ratification Agreements, all of Eagle Ford's and Venado's interests in the Dedicated Acreage and the Dedicated Gas are dedicated to Carnero; and

(g) Pursuant to the Letter Agreement and the GGPA, as a "Producer" under the GGPA, all of Mitsui's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero.

37. A genuine and justifiable controversy currently exists between the parties with respect to the rights and obligations under the GGPA, the GGPA Amendment, the Ratification Agreements, and the Letter Agreement.

**B. Breach of Contract – All Defendants**

38. The Defendants are parties to valid and enforceable agreements with Carnero.

39. Maverick is a party to the GGPA with Carnero.

40. By virtue of their respective Ratification Agreements and the GGPA Amendment, Mesquite, UnSub, Venado, and Eagle Ford are parties to the GGPA with Carnero.

41. By virtue of the Letter Agreement, Mitsui owes the obligations of a Producer under the GGPA to Carnero.

42. Maverick, Mesquite, UnSub, Venado, Eagle Ford, and Mitsui promised to deliver their Dedicated Gas from the Dedicated Acreage to Carnero under the GGPA subject only to the Existing Commitments as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment."

43. On information and belief, Maverick, Mesquite, UnSub, Venado, Eagle Ford, and Mitsui have breached their promises by amending or participating in amending (1) the Midstream Agency Agreement or other agreements that flow gas from the Dedicated Acreage to the midstream providers under the Existing Commitments; or (2) the Existing Commitments themselves, so that the Existing Commitments no longer exist as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment."

44. Maverick's, Mesquite's, UnSub's, Venado's, Eagle Ford's, and Mitsui's breaches of their promises have damaged Carnero by denying it the benefit of its bargain to collect millions of dollars in fees from gathering, processing, and purchasing the Dedicated Gas from the Dedicated

Acreage as per the terms of the GGPA and has caused the GGPA to fail of essential purpose from the destruction of the consideration these parties gave to Carnero, and on which it relied, for its execution of the GGPA.

**C. Breach of Contract – Mesquite**

45. The Defendants are parties to valid and enforceable agreements with Carnero.

46. By virtue of its Ratification Agreement and the GGPA Amendment, Mesquite, as successor to Gavilan, is a party to the GGPA with Carnero.

47. Mesquite promised to deliver its Dedicated Gas from the Dedicated Acreage to Carnero under the GGPA subject only to the Existing Commitments as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment."

48. On or about October 16, 2020, Mesquite acquired Gavilan's interest in the Comanche Assets, but Gavilan did not assign the Comanche PSA to Mesquite. Mesquite's interest in the Comanche Assets is, thus, free and clear of any obligations in the Comanche PSA. As a result, Mesquite did not assume the obligation to be bound by the Existing Commitments, and therefore, is not required to deliver its Dedicated Gas to the midstream providers under the Existing Commitments. Carnero was entitled to gather and process Mesquite's Dedicated Gas under the GGPA after October 16, 2020.

49. On information and belief, Mesquite has breached its promise by amending or participating in amending (1) the Midstream Agency Agreement or other agreements that flow gas from the Dedicated Acreage to the midstream providers under the Existing Commitments; or (2) the Existing Commitments themselves, so that its Dedicated Gas was again made subject to the Existing Commitments, rather than being directed to Carnero under the GGPA.

50. Mesquite's breach of its promise has damaged Carnero by denying it the benefit of its bargain to collect millions of dollars in fees from receiving Mesquite's Dedicated Gas from the Dedicated Acreage as per the terms of the GGPA and has caused the GGPA to fail of essential purpose from the destruction of the consideration Mesquite gave to Carnero, and on which it relied, for its execution of the GGPA.

**D. Attorney's Fees**

51. Carnero seeks an award of its attorney's fees under Texas Civil Practice & Remedies Code Chs. 37 and 38, and any other applicable statutes, and as allowed by the GGPA, the GGPA Amendment, the Ratification Agreements, the Letter Agreement, or other applicable agreement.

**E. Conditions Precedent**

52. All conditions precedent to Plaintiff's right to recover against Defendants has occurred, has been performed, or has otherwise been waived.

## VIII. Relief Requested

Plaintiff Carnero G&P LLC respectfully requests that the Court:

a. declare the parties' rights under the GGPA, the GGPA Amendment, the Ratification Agreements, and the Letter Agreement as set forth above;

b. award Plaintiff its reasonable and necessary attorney's fees; and

c. award Plaintiff such other and further relief, general or special, legal or equitable, to which it may be justly entitled.

Dated: January 21, 2022.

Respectfully submitted,

**PORTER HEDGES LLP**

By: *<u>/s/ Eugene M. Nettles</u>*

Eugene M. Nettles
State Bar No. 14927300
Joshua W. Wolfshohl
State Bar No. 24038592
Amy C. Falcon
State Bar No. 24053576
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6295
enettles@porterhedges.com
jwolfshohl@porterhedges.com
afalcon@porterhedges.com

**ATTORNEYS FOR PLAINTIFF CARNERO G&P LLC**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacqueline Chin on behalf of Amy Falcon
Bar No. 24053576
jchin@porterhedges.com
Envelope ID: 61052774
Status as of 1/24/2022 8:01 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy CFalcon | | afalcon@porterhedges.com | 1/21/2022 5:06:11 PM | SENT |
| Eugene MNettles | | emnettles@porterhedges.com | 1/21/2022 5:06:11 PM | SENT |
| Joshua Wolfshohl | | jwolfshohl@porterhedges.com | 1/21/2022 5:06:11 PM | SENT |
| Jacqueline Chin | | jchin@porterhedges.com | 1/21/2022 5:06:11 PM | SENT |

1/27/2022 12:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61211675
By: Cynthia Clausell-McGowan
Filed: 1/27/2022 12:48 PM

CAUSE NO. 2022-04224

| | | |
|---|---|---|
| CARNERO G&P LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| SN EF UNSUB, LP, EAGLE FORD TX LP, | § | |
| VENADO EF L.P., MITSUI E&P TEXAS LP, | § | |
| SN EF MAVERICK, LLC, and MESQUITE | § | |
| ENERGY, INC., | § | |
| | § | |
| Defendants. | § | 215TH JUDICIAL DISTRICT |

# Plaintiff's Amended Petition

Plaintiff Carnero G&P LLC ("Carnero" or "Plaintiff") files this amended petition against Defendants SN EF UnSub, LP ("UnSub"), Eagle Ford TX LP ("Eagle Ford"), Venado EF L.P. ("Venado"), Mitsui E&P Texas LP ("Mitsui"), SN EF Maverick, LLC ("Maverick"), and Mesquite Energy, Inc. ("Mesquite") and alleges as follows:

## I. Discovery Control Plan

1. Plaintiff intends that discovery be conducted under Level 2 pursuant to TEX. R. CIV. P. 190.3.

## II. Parties

2. Carnero is a Texas joint venture, owned fifty percent (50%) by TPL SouthTex Processing Company LP ("Targa") and fifty percent (50%) by Evolve Transition Infrastructure LP (f/k/a Sanchez Midstream Partners LP) ("SNMP") with its principal place of business in Houston, Texas.

3. UnSub is a limited partnership organized under the laws of Delaware with its principal place of business at 1000 Main Street, Suite 3000, Houston, Texas 77002. It may be

served through its registered agent Attorney Service Associates, Inc., 3610-2 N Josey Ln., Suite 223, Carrolton, Texas 75007.

4. Eagle Ford is a limited partnership organized under the laws of Texas with its principal place of business at 555 San Felipe Road, Suite 1175, Houston, Texas 77056. It may be served through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

5. Maverick is a limited liability company organized under the laws of Delaware with its principal place of business at 700 Milam Street, Suite 600, Houston, Texas 77002. It may be served through its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Venado is a limited partnership organized under the laws of Delaware with its principal place of business at 13501 Galleria Circle, Suite 350, Austin, Texas 78738. It may be served through its registered agent Corporate Creations Network, Inc., 5444 Westheimer #1000, Houston, Texas 77056.

7. Mitsui is a limited partnership organized under the laws of Texas with its principal place of business at 9 Greenway Plaza, Suite 1250, Houston, Texas 77046. It may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201.

8. Mesquite is a corporation organized under the laws of Delaware with its principal place of business at 700 Milam Street, Suite 600, Houston, Texas 77002. It may be served through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## III. Jurisdiction

9. This Court has jurisdiction over this matter because it has the power to declare the rights between the parties pursuant to TEX. CIV. PRAC. & REM. CODE § 37.003, and the amount in controversy is within the jurisdictional limits of this Court.

## IV. Venue

10. Venue is proper in Harris County, Texas under Texas Civil Practice & Remedies Code section 15.002(a) (1), and 15.035(a). The agreements that form the basis of this dispute provide that all disputes must be brought in Houston, Harris County, Texas. Moreover, all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.

## V. Rule 47 Statement of Relief

11. Under TEX. R. CIV. P. 47, Plaintiff seeks non-monetary relief, monetary relief over $1,000,000, and attorney's fees and costs.

## VI. Factual Background

12. This is a dispute over contracts relating to oil and gas operations on a lease in the Western Eagle Ford Shale in Texas.

### A. The Comanche Assets

13. Prior to January 2017, Eagle Ford, Venado, Mitsui, Anadarko E&P Onshore LLC, and Kerr-McGee Oil and Gas Onshore LP all owned working interests in approximately 300,000 gross acres of oil and gas rights in acreage known as the "Comanche Assets," which is primarily located in the Western Eagle Ford Shale. Eagle Ford, Venado, and Mitsui are collectively referred to as the "WIPs."

**B. The Comanche Acquisition and Later Conveyances of the Comanche Assets**

14. By a Purchase and Sale Agreement (the "Comanche PSA") dated January 12, 2017, Maverick and various co-investors, including Gavilan Resources, LLC ("Gavilan") and UnSub, purchased the working interests of Anadarko E&P Onshore LLC and Kerr-McGee Oil and Gas Onshore LP (together, "Anadarko") in the Comanche Assets (the "Comanche Acquisition") effective July 1, 2016. After closing the Comanche Acquisition, Maverick became the operator of the Comanche Assets.

15. On or about October 16, 2020, Gavilan sold its interest in the Comanche Assets to Mesquite.[1] Gavilan did not, however, assign the Comanche PSA to Mesquite in this transaction.

16. Currently, Maverick, UnSub, Mesquite, and the WIPs own all of the working interests in the Comanche Assets.

**C. Comanche Assets Existing Commitments Dedications**

17. At the time of the Comanche Acquisition, Anadarko was obligated to gather and process its hydrocarbons from the Comanche Assets through certain midstream providers pursuant to various agreements to which Anadarko was a party (the "Existing Commitments"). The Existing Commitments prevent, in part, the delivery of gas to other service providers, such as Carnero.[2] Anadarko retained these Existing Commitments in the Comanche Acquisition transaction and did not assign them to Maverick, Gavilan, and UnSub. As a result, Maverick, Gavilan, and UnSub had no obligation to deliver their Comanche Gas to the midstream providers under the Existing Commitments. Only Anadarko had that obligation.

---

[1] *See In re Gavilan Resources, LLC,* Case No. 20-32656, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division [Dkt. 366 Asset Purchase Agreement at pdf p. 291)].

[2] On information and belief, any dedication to other parties was not a complete dedication because some of the gas produced from the Comanche Assets was delivered to Carnero after the time the execution of the Ratification Agreements.

18. To require Maverick, as operator of the Comanche Assets, to deliver the gas produced from Maverick's, Gavilan's, and UnSub's interests in fulfillment of Anadarko's retained obligation under the Existing Commitments, Maverick, as "Provider," and Anadarko, as the "Recipient," concurrently executed a new agreement, the Retained Midstream Contracts Services Agreement (the "Midstream Agency Agreement"). Under this agreement, Provider acts as Recipient's agent for delivering gas from the Comanche Assets on behalf of Recipient to the midstream providers who are the parties to the Existing Commitments.

19. Maverick, UnSub, Mesquite, and the WIPS never became parties to the underlying Existing Commitments. Mesquite, UnSub, and the WIPs never became parties to the Midstream Agency Agreement. As a result, none of them has a direct obligation to deliver gas under the Existing Commitments. Only Anadarko has that obligation. Once the Existing Commitments end or are terminated, Maverick, UnSub, Mesquite, and the WIPS can send the gas to other midstream providers operating in the area.

**D. Comanche Assets Dedication to Carnero under the GGPA**

20. Carnero is another midstream provider that operates in the area of the Comanche Assets. On April 1, 2018, Maverick and Carnero entered into a Firm Gas Gathering, Processing and Purchasing Agreement (the "GGPA") regarding gas from the Comanche Assets. Effective that same date, (i) UnSub, Maverick, and Carnero entered into a ratification agreement ratifying the GGPA; (ii) Gavilan (now Mesquite), Eagle Ford and Venado executed ratification agreements in substantially the same form (collectively referred to as the "Ratification Agreements"); and (iii) Unsub, Eagle Ford, Venado, Maverick, Gavilan (now Mesquite), and Carnero entered into an Amendment to the Firm Gas Gathering, Processing, and Purchase Agreement ("GGPA Amendment"). As a consequence of the various Ratification Agreements and the GGPA

Amendment, UnSub, Gavilan (now Mesquite), Eagle Ford, and Venado owe the same obligations as Maverick under the GGPA.

21. Additionally, Mitsui, Maverick, and Carnero signed a Letter Agreement also dated effective April 1, 2018 ("Letter Agreement") authorizing Maverick to process Mitsui's gas from the Comanche Assets under the GGPA as if Mitsui had ratified the GGPA as a Comanche Producer (as defined in the GGPA) after Mitsui rejects certain "Commitment Agreements" (as defined in the Letter Agreement).

**E. Producer Obligations under the GGPA**

22. The GGPA is like a top lease—it becomes effective to flow gas from the Comanche Assets to Carnero when the then-existing delivery obligations under the Existing Commitments end or are terminated. In the GGPA, Maverick, UnSub, Gavilan, and the WIPs dedicated the gas ("Dedicated Gas") from their existing interest in the Comanche Assets to Carnero ("Dedicated Acreage"). The GGPA notes that "Producer" (which includes Maverick, UnSub, Gavilan (now Mesquite), and the WIPs by virtue of the Ratification Agreements, the GGPA Amendment, and the Letter Agreement) "desires that Carnero provide certain gathering, treating and processing services, all in accordance with the terms and conditions stated in this Agreement." Therefore, part of the consideration for Carnero to enter into the GGPA was the expectation that the Producers would direct their Dedicated Gas from the Dedicated Acreage to Carnero for processing in accordance with the terms of GGPA.

**23.** Those terms and conditions include that Producer may continue to deliver gas from the Dedicated Acreage under "binding contractual commitments [the Existing Commitments]…that exist as of the Effective Date and prevent delivery of such Gas hereunder or the sale of such natural gas liquids to Carnero" until the "earlier of (A) the end of the then-current term of such Existing Commitment (excluding any subsequent 'evergreen' or 'renewal' terms, it

being understood that Producer shall give timely notice to terminate any such Existing Commitment prior to commencement of any 'evergreen' or 'renewal term')…."

### F. Mesquite's Gas from the Former Gavilan Dedicated Acreage Is No Longer Subject to the Existing Commitments

24. As stated, on or about October 16, 2020, Gavilan sold its interest in the Comanche Assets to Mesquite, but specifically did not assign the Comanche PSA to Mesquite. As a result, on information and belief, Mesquite's Dedicated Gas from the former Gavilan Dedicated Acreage was conveyed free and clear of all covenants in the Comanche PSA and free and clear of the Existing Commitments.

25. On information and belief, effective December 21, 2021, Anadarko, Mesquite, Maverick, and others, with the input and participation of UnSub and the WIPs, entered into agreements that (i) modify the commercial terms of or applicable to the Existing Commitments; (ii) cause the extension the Existing Commitments; and/or (iii) otherwise modify (or in the case of the Gavilan acreage, reinstate) the Existing Commitments in a manner that violates the GGPA. As a result, Mesquite, Maverick, UnSub, and the WIPs have undermined the purpose of the GGPA and breached their representations and promises to Carnero and their obligations as "Producers" under the GGPA.

## VII. Causes of Action

### A. Declaratory Judgment

34. Carnero adopts all prior paragraphs.

35. This is an action for declaratory judgment pursuant to Texas Uniform Declaratory Judgment Act, §37.001, et. seq. of the Texas Civil Practice and Remedies Code. Carnero is a person interested under a contract, namely the GGPA, the various Ratification Agreements, and the Letter Agreement. Carnero is a person whose rights, status, and other legal relations are

affected by those contracts. Carnero may have determined any questions of construction or validity arising under those contracts and obtain declarations of its rights, status, or other legal relations under the GGPA, the GGPA Amendments, the various Ratification Agreements, and the Letter Agreement.

36. Carnero seeks the following declarations:

(a) Pursuant to the GGPA, the GGPA Amendment, the Ratification Agreements, and the Letter Agreement, Mesquite, Maverick, UnSub, and the WIPs all agreed that the delivery to Carnero of the Dedicated Gas from their respective interests in the Dedicated Acreage was subject only to the Existing Commitments as they "exist[ed] as of the Effective Date" of the GGPA and for the "then-current term of such Existing Commitment";

(b) Mesquite, Maverick, UnSub, and the WIPs have breached the GGPA by amending or participating in amending (1) the Midstream Agency Agreement or other agreements that flow gas from the Dedicated Acreage to the midstream providers under the Existing Commitments; or (2) the Existing Commitments themselves, so that the Existing Commitments no longer exist as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment";

(c) Pursuant to the GGPA, the GGPA Amendment, and its Ratification Agreement, all of Mesquite's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero;

(d) Pursuant to the GGPA and the GGPA Amendment, all of Maverick's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero;

(e) Pursuant to the GGPA, the GGPA Amendment, and its Ratification Agreement, all of UnSub's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero;

(f) Pursuant to the GGPA, the GGPA Amendment, and their respective Ratification Agreements, all of Eagle Ford's and Venado's interests in the Dedicated Acreage and the Dedicated Gas are dedicated to Carnero; and

(g) Pursuant to the Letter Agreement and the GGPA, as a "Producer" under the GGPA, all of Mitsui's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero.

37. A genuine and justifiable controversy currently exists between the parties with respect to the rights and obligations under the GGPA, the GGPA Amendment, the Ratification Agreements, and the Letter Agreement.

**B. Breach of Contract – All Defendants**

38. The Defendants are parties to valid and enforceable agreements with Carnero.

39. Maverick is a party to the GGPA with Carnero.

40. By virtue of their respective Ratification Agreements and the GGPA Amendment, Mesquite, UnSub, Venado, and Eagle Ford are parties to the GGPA with Carnero.

41. By virtue of the Letter Agreement, Mitsui owes the obligations of a Producer under the GGPA to Carnero.

42. Maverick, Mesquite, UnSub, Venado, Eagle Ford, and Mitsui promised to deliver their Dedicated Gas from the Dedicated Acreage to Carnero under the GGPA subject only to the Existing Commitments as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment."

43. On information and belief, Maverick, Mesquite, UnSub, Venado, Eagle Ford, and Mitsui have breached their promises by amending or participating in amending (1) the Midstream Agency Agreement or other agreements that flow gas from the Dedicated Acreage to the midstream providers under the Existing Commitments; or (2) the Existing Commitments themselves, so that the Existing Commitments no longer exist as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment."

44. Maverick's, Mesquite's, UnSub's, Venado's, Eagle Ford's, and Mitsui's breaches of their promises have damaged Carnero by denying it the benefit of its bargain to collect millions of dollars in fees from gathering, processing, and purchasing the Dedicated Gas from the Dedicated

Acreage as per the terms of the GGPA and has caused the GGPA to fail of essential purpose from the destruction of the consideration these parties gave to Carnero, and on which it relied, for its execution of the GGPA.

**C. Breach of Contract – Mesquite**

45. The Defendants are parties to valid and enforceable agreements with Carnero.

46. By virtue of its Ratification Agreement and the GGPA Amendment, Mesquite, as successor to Gavilan, is a party to the GGPA with Carnero.

47. Mesquite promised to deliver its Dedicated Gas from the Dedicated Acreage to Carnero under the GGPA subject only to the Existing Commitments as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment."

48. On or about October 16, 2020, Mesquite acquired Gavilan's interest in the Comanche Assets, but Gavilan did not assign the Comanche PSA to Mesquite. Mesquite's interest in the Comanche Assets is, thus, free and clear of any obligations in the Comanche PSA. As a result, Mesquite did not assume the obligation to be bound by the Existing Commitments, and therefore, is not required to deliver its Dedicated Gas to the midstream providers under the Existing Commitments. Carnero was entitled to gather and process Mesquite's Dedicated Gas under the GGPA after October 16, 2020.

49. On information and belief, Mesquite has breached its promise by amending or participating in amending (1) the Midstream Agency Agreement or other agreements that flow gas from the Dedicated Acreage to the midstream providers under the Existing Commitments; or (2) the Existing Commitments themselves, so that its Dedicated Gas was again made subject to the Existing Commitments, rather than being directed to Carnero under the GGPA.

50. Mesquite's breach of its promise has damaged Carnero by denying it the benefit of its bargain to collect millions of dollars in fees from receiving Mesquite's Dedicated Gas from the Dedicated Acreage as per the terms of the GGPA and has caused the GGPA to fail of essential purpose from the destruction of the consideration Mesquite gave to Carnero, and on which it relied, for its execution of the GGPA.

**D. Attorney's Fees**

51. Carnero seeks an award of its attorney's fees under Texas Civil Practice & Remedies Code Chs. 37 and 38, and any other applicable statutes, and as allowed by the GGPA, the GGPA Amendment, the Ratification Agreements, the Letter Agreement, or other applicable agreement.

**E. Conditions Precedent**

52. All conditions precedent to Plaintiff's right to recover against Defendants has occurred, has been performed, or has otherwise been waived.

## VIII. Relief Requested

Plaintiff Carnero G&P LLC respectfully requests that the Court:

a. declare the parties' rights under the GGPA, the GGPA Amendment, the Ratification Agreements, and the Letter Agreement as set forth above;

b. award Plaintiff its reasonable and necessary attorney's fees; and

c. award Plaintiff such other and further relief, general or special, legal or equitable, to which it may be justly entitled.

Dated: January 27, 2022.

Respectfully submitted,

**PORTER HEDGES LLP**

By: *__/s/ Eugene M. Nettles__*

Eugene M. Nettles
State Bar No. 14927300
Joshua W. Wolfshohl
State Bar No. 24038592
Amy C. Falcon
State Bar No. 24053576
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6295
enettles@porterhedges.com
jwolfshohl@porterhedges.com
afalcon@porterhedges.com

**ATTORNEYS FOR PLAINTIFF CARNERO G&P LLC**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacqueline Chin on behalf of Amy Falcon
Bar No. 24053576
jchin@porterhedges.com
Envelope ID: 61211675
Status as of 1/27/2022 12:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy CFalcon | | afalcon@porterhedges.com | 1/27/2022 12:48:58 PM | SENT |
| Eugene MNettles | | emnettles@porterhedges.com | 1/27/2022 12:48:58 PM | SENT |
| Joshua Wolfshohl | | jwolfshohl@porterhedges.com | 1/27/2022 12:48:58 PM | SENT |
| Jacqueline Chin | | jchin@porterhedges.com | 1/27/2022 12:48:58 PM | SENT |

CT Corporation

**Service of Process Transmittal**
02/02/2022
CT Log Number 540990372

**TO:** Amy Blakeway
MESQUITE ENERGY, INC.
700 MILAM ST STE 600
HOUSTON, TX 77002-2862

**RE:** **Process Served in Texas**

**FOR:** Mesquite Energy, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CARNERO G&P LLC vs. SN EF UNSUB, LP |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 202204224 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/02/2022 at 03:02 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air<br>Image SOP<br>Email Notification, Amy Blakeway ablakeway@mesquite-energy.com<br>Email Notification, Aimee Stadtfeld astadtfeld@mesquite-energy.com<br>Email Notification, Gregory B Kopel gkopel@mesquite-energy.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CT Corporation

**Service of Process Transmittal**
02/02/2022
CT Log Number 540990372

**TO:** Amy Blakeway
MESQUITE ENERGY, INC.
700 MILAM ST STE 600
HOUSTON, TX 77002-2862

**RE:** **Process Served in Texas**

**FOR:** Mesquite Energy, Inc. (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| -- | By Process Server on 01/27/2022 at 02:13 | Amy Blakeway<br>Mesquite Energy, Inc. | 540953631 |

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Feb 2, 2022

**Server Name:** Steven Treni

| | |
|---|---|
| Entity Served | MESQUITE ENERGY, INC. |
| Case Number | 202204224 |
| Jurisdiction | TX |

CAUSE NO. 202204224

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 917802 TRACKING NO: 73966477
EML

| | |
|---|---|
| Plaintiff: | In The 215th |
| CARNERO G&P LLC | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| SN EF UNSUB LP | Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To: MESQUITE ENERGY INC (A CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFFS AMENDED PETITION

This instrument was filed on January 27, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on January 28, 2022, under my hand and seal of said court.

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CYNTHIA CLAUSELL

DISTRICT COURT OF HARRIS COUNTY TEXAS

Issued at the request of:

FALCON, AMY COATES
1000 MAIN STREET, STE 3600
HOUSTON, TX 77002
713-226-6681
Bar Number: 24053576

Tracking Number: 73966477

EML

**CAUSE NUMBER: 202204224**

| | |
|---|---|
| **PLAINTIFF: CARNERO G&P LLC** | **In the 215th** |
| vs. | **Judicial District Court of** |
| **DEFENDANT: SN EF UNSUB LP** | **Harris County, Texas** |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _______ o'clock ___. M. on the _________ day of ________________________, 20_____. Executed at

(Address)______________________________________________________________________________________
in

____________________ County at o'clock ___. M. On the _________ day of ________________________, 20_____, by

Delivering to ________________________________________________defendant, in person, a true copy of this Citation together with the accompanying ______ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _______________day of _________________________________, 20.

Fees $_________________________

_____________________________________________ By________________________________________

Affiant Deputy

On this day, __________________________________________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this ______ day of _________________________________, 20__.

__________________________________________

Notary Public

1/27/2022 12:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61211675
By: Cynthia Clausell-McGowan
Filed: 1/27/2022 12:48 PM

CAUSE NO. 2022-04224

| | | |
|---|---|---|
| CARNERO G&P LLC,<br><br>Plaintiff,<br><br>v.<br><br>SN EF UNSUB, LP, EAGLE FORD TX LP, VENADO EF L.P., MITSUI E&P TEXAS LP, SN EF MAVERICK, LLC, and MESQUITE ENERGY, INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br>215TH JUDICIAL DISTRICT |

# Plaintiff's Amended Petition

Plaintiff Carnero G&P LLC ("Carnero" or "Plaintiff") files this amended petition against Defendants SN EF UnSub, LP ("UnSub"), Eagle Ford TX LP ("Eagle Ford"), Venado EF L.P. ("Venado"), Mitsui E&P Texas LP ("Mitsui"), SN EF Maverick, LLC ("Maverick"), and Mesquite Energy, Inc. ("Mesquite") and alleges as follows:

## I. Discovery Control Plan

1. Plaintiff intends that discovery be conducted under Level 2 pursuant to TEX. R. CIV. P. 190.3.

## II. Parties

2. Carnero is a Texas joint venture, owned fifty percent (50%) by TPL SouthTex Processing Company LP ("Targa") and fifty percent (50%) by Evolve Transition Infrastructure LP (f/k/a Sanchez Midstream Partners LP) ("SNMP") with its principal place of business in Houston, Texas.

3. UnSub is a limited partnership organized under the laws of Delaware with its principal place of business at 1000 Main Street, Suite 3000, Houston, Texas 77002. It may be

served through its registered agent Attorney Service Associates, Inc., 3610-2 N Josey Ln., Suite 223, Carrolton, Texas 75007.

4. Eagle Ford is a limited partnership organized under the laws of Texas with its principal place of business at 555 San Felipe Road, Suite 1175, Houston, Texas 77056. It may be served through its registered agent Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

5. Maverick is a limited liability company organized under the laws of Delaware with its principal place of business at 700 Milam Street, Suite 600, Houston, Texas 77002. It may be served through its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Venado is a limited partnership organized under the laws of Delaware with its principal place of business at 13501 Galleria Circle, Suite 350, Austin, Texas 78738. It may be served through its registered agent Corporate Creations Network, Inc., 5444 Westheimer #1000, Houston, Texas 77056.

7. Mitsui is a limited partnership organized under the laws of Texas with its principal place of business at 9 Greenway Plaza, Suite 1250, Houston, Texas 77046. It may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201.

8. Mesquite is a corporation organized under the laws of Delaware with its principal place of business at 700 Milam Street, Suite 600, Houston, Texas 77002. It may be served through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## III. Jurisdiction

9. This Court has jurisdiction over this matter because it has the power to declare the rights between the parties pursuant to TEX. CIV. PRAC. & REM. CODE § 37.003, and the amount in controversy is within the jurisdictional limits of this Court.

## IV. Venue

10. Venue is proper in Harris County, Texas under Texas Civil Practice & Remedies Code section 15.002(a) (1), and 15.035(a). The agreements that form the basis of this dispute provide that all disputes must be brought in Houston, Harris County, Texas. Moreover, all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.

## V. Rule 47 Statement of Relief

11. Under TEX. R. CIV. P. 47, Plaintiff seeks non-monetary relief, monetary relief over $1,000,000, and attorney's fees and costs.

## VI. Factual Background

12. This is a dispute over contracts relating to oil and gas operations on a lease in the Western Eagle Ford Shale in Texas.

### A. The Comanche Assets

13. Prior to January 2017, Eagle Ford, Venado, Mitsui, Anadarko E&P Onshore LLC, and Kerr-McGee Oil and Gas Onshore LP all owned working interests in approximately 300,000 gross acres of oil and gas rights in acreage known as the "Comanche Assets," which is primarily located in the Western Eagle Ford Shale. Eagle Ford, Venado, and Mitsui are collectively referred to as the "WIPs."

**B. The Comanche Acquisition and Later Conveyances of the Comanche Assets**

14. By a Purchase and Sale Agreement (the "Comanche PSA") dated January 12, 2017, Maverick and various co-investors, including Gavilan Resources, LLC ("Gavilan") and UnSub, purchased the working interests of Anadarko E&P Onshore LLC and Kerr-McGee Oil and Gas Onshore LP (together, "Anadarko") in the Comanche Assets (the "Comanche Acquisition") effective July 1, 2016. After closing the Comanche Acquisition, Maverick became the operator of the Comanche Assets.

15. On or about October 16, 2020, Gavilan sold its interest in the Comanche Assets to Mesquite.[1] Gavilan did not, however, assign the Comanche PSA to Mesquite in this transaction.

16. Currently, Maverick, UnSub, Mesquite, and the WIPs own all of the working interests in the Comanche Assets.

**C. Comanche Assets Existing Commitments Dedications**

17. At the time of the Comanche Acquisition, Anadarko was obligated to gather and process its hydrocarbons from the Comanche Assets through certain midstream providers pursuant to various agreements to which Anadarko was a party (the "Existing Commitments"). The Existing Commitments prevent, in part, the delivery of gas to other service providers, such as Carnero.[2] Anadarko retained these Existing Commitments in the Comanche Acquisition transaction and did not assign them to Maverick, Gavilan, and UnSub. As a result, Maverick, Gavilan, and UnSub had no obligation to deliver their Comanche Gas to the midstream providers under the Existing Commitments. Only Anadarko had that obligation.

---

[1] *See In re Gavilan Resources, LLC*, Case No. 20-32656, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division [Dkt. 366 Asset Purchase Agreement at pdf p. 291)].

[2] On information and belief, any dedication to other parties was not a complete dedication because some of the gas produced from the Comanche Assets was delivered to Carnero after the time the execution of the Ratification Agreements.

18. To require Maverick, as operator of the Comanche Assets, to deliver the gas produced from Maverick's, Gavilan's, and UnSub's interests in fulfillment of Anadarko's retained obligation under the Existing Commitments, Maverick, as "Provider," and Anadarko, as the "Recipient," concurrently executed a new agreement, the Retained Midstream Contracts Services Agreement (the "Midstream Agency Agreement"). Under this agreement, Provider acts as Recipient's agent for delivering gas from the Comanche Assets on behalf of Recipient to the midstream providers who are the parties to the Existing Commitments.

19. Maverick, UnSub, Mesquite, and the WIPS never became parties to the underlying Existing Commitments. Mesquite, UnSub, and the WIPs never became parties to the Midstream Agency Agreement. As a result, none of them has a direct obligation to deliver gas under the Existing Commitments. Only Anadarko has that obligation. Once the Existing Commitments end or are terminated, Maverick, UnSub, Mesquite, and the WIPS can send the gas to other midstream providers operating in the area.

**D. Comanche Assets Dedication to Carnero under the GGPA**

20. Carnero is another midstream provider that operates in the area of the Comanche Assets. On April 1, 2018, Maverick and Carnero entered into a Firm Gas Gathering, Processing and Purchasing Agreement (the "GGPA") regarding gas from the Comanche Assets. Effective that same date, (i) UnSub, Maverick, and Carnero entered into a ratification agreement ratifying the GGPA; (ii) Gavilan (now Mesquite), Eagle Ford and Venado executed ratification agreements in substantially the same form (collectively referred to as the "Ratification Agreements"); and (iii) Unsub, Eagle Ford, Venado, Maverick, Gavilan (now Mesquite), and Carnero entered into an Amendment to the Firm Gas Gathering, Processing, and Purchase Agreement ("GGPA Amendment"). As a consequence of the various Ratification Agreements and the GGPA

Amendment, UnSub, Gavilan (now Mesquite), Eagle Ford, and Venado owe the same obligations as Maverick under the GGPA.

21. Additionally, Mitsui, Maverick, and Carnero signed a Letter Agreement also dated effective April 1, 2018 ("Letter Agreement") authorizing Maverick to process Mitsui's gas from the Comanche Assets under the GGPA as if Mitsui had ratified the GGPA as a Comanche Producer (as defined in the GGPA) after Mitsui rejects certain "Commitment Agreements" (as defined in the Letter Agreement).

**E. Producer Obligations under the GGPA**

22. The GGPA is like a top lease—it becomes effective to flow gas from the Comanche Assets to Carnero when the then-existing delivery obligations under the Existing Commitments end or are terminated. In the GGPA, Maverick, UnSub, Gavilan, and the WIPs dedicated the gas ("Dedicated Gas") from their existing interest in the Comanche Assets to Carnero ("Dedicated Acreage"). The GGPA notes that "Producer" (which includes Maverick, UnSub, Gavilan (now Mesquite), and the WIPs by virtue of the Ratification Agreements, the GGPA Amendment, and the Letter Agreement) "desires that Carnero provide certain gathering, treating and processing services, all in accordance with the terms and conditions stated in this Agreement." Therefore, part of the consideration for Carnero to enter into the GGPA was the expectation that the Producers would direct their Dedicated Gas from the Dedicated Acreage to Carnero for processing in accordance with the terms of GGPA.

**23.** Those terms and conditions include that Producer may continue to deliver gas from the Dedicated Acreage under "binding contractual commitments [the Existing Commitments]...that exist as of the Effective Date and prevent delivery of such Gas hereunder or the sale of such natural gas liquids to Carnero" until the "earlier of (A) the end of the then-current term of such Existing Commitment (excluding any subsequent 'evergreen' or 'renewal' terms, it

being understood that Producer shall give timely notice to terminate any such Existing Commitment prior to commencement of any 'evergreen' or 'renewal term')…."

**F. Mesquite's Gas from the Former Gavilan Dedicated Acreage Is No Longer Subject to the Existing Commitments**

24. As stated, on or about October 16, 2020, Gavilan sold its interest in the Comanche Assets to Mesquite, but specifically did not assign the Comanche PSA to Mesquite. As a result, on information and belief, Mesquite's Dedicated Gas from the former Gavilan Dedicated Acreage was conveyed free and clear of all covenants in the Comanche PSA and free and clear of the Existing Commitments.

25. On information and belief, effective December 21, 2021, Anadarko, Mesquite, Maverick, and others, with the input and participation of UnSub and the WIPs, entered into agreements that (i) modify the commercial terms of or applicable to the Existing Commitments; (ii) cause the extension the Existing Commitments; and/or (iii) otherwise modify (or in the case of the Gavilan acreage, reinstate) the Existing Commitments in a manner that violates the GGPA. As a result, Mesquite, Maverick, UnSub, and the WIPs have undermined the purpose of the GGPA and breached their representations and promises to Carnero and their obligations as "Producers" under the GGPA.

## VII. Causes of Action

**A. Declaratory Judgment**

34. Carnero adopts all prior paragraphs.

35. This is an action for declaratory judgment pursuant to Texas Uniform Declaratory Judgment Act, §37.001, et. seq. of the Texas Civil Practice and Remedies Code. Carnero is a person interested under a contract, namely the GGPA, the various Ratification Agreements, and the Letter Agreement. Carnero is a person whose rights, status, and other legal relations are

affected by those contracts. Carnero may have determined any questions of construction or validity arising under those contracts and obtain declarations of its rights, status, or other legal relations under the GGPA, the GGPA Amendments, the various Ratification Agreements, and the Letter Agreement.

36. Carnero seeks the following declarations:

(a) Pursuant to the GGPA, the GGPA Amendment, the Ratification Agreements, and the Letter Agreement, Mesquite, Maverick, UnSub, and the WIPs all agreed that the delivery to Carnero of the Dedicated Gas from their respective interests in the Dedicated Acreage was subject only to the Existing Commitments as they "exist[ed] as of the Effective Date" of the GGPA and for the "then-current term of such Existing Commitment";

(b) Mesquite, Maverick, UnSub, and the WIPs have breached the GGPA by amending or participating in amending (1) the Midstream Agency Agreement or other agreements that flow gas from the Dedicated Acreage to the midstream providers under the Existing Commitments; or (2) the Existing Commitments themselves, so that the Existing Commitments no longer exist as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment";

(c) Pursuant to the GGPA, the GGPA Amendment, and its Ratification Agreement, all of Mesquite's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero;

(d) Pursuant to the GGPA and the GGPA Amendment, all of Maverick's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero;

(e) Pursuant to the GGPA, the GGPA Amendment, and its Ratification Agreement, all of UnSub's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero;

(f) Pursuant to the GGPA, the GGPA Amendment, and their respective Ratification Agreements, all of Eagle Ford's and Venado's interests in the Dedicated Acreage and the Dedicated Gas are dedicated to Carnero; and

(g) Pursuant to the Letter Agreement and the GGPA, as a "Producer" under the GGPA, all of Mitsui's interest in the Dedicated Acreage and the Dedicated Gas is dedicated to Carnero.

37. A genuine and justifiable controversy currently exists between the parties with respect to the rights and obligations under the GGPA, the GGPA Amendment, the Ratification Agreements, and the Letter Agreement.

**B. Breach of Contract – All Defendants**

38. The Defendants are parties to valid and enforceable agreements with Carnero.

39. Maverick is a party to the GGPA with Carnero.

40. By virtue of their respective Ratification Agreements and the GGPA Amendment, Mesquite, UnSub, Venado, and Eagle Ford are parties to the GGPA with Carnero.

41. By virtue of the Letter Agreement, Mitsui owes the obligations of a Producer under the GGPA to Carnero.

42. Maverick, Mesquite, UnSub, Venado, Eagle Ford, and Mitsui promised to deliver their Dedicated Gas from the Dedicated Acreage to Carnero under the GGPA subject only to the Existing Commitments as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment."

43. On information and belief, Maverick, Mesquite, UnSub, Venado, Eagle Ford, and Mitsui have breached their promises by amending or participating in amending (1) the Midstream Agency Agreement or other agreements that flow gas from the Dedicated Acreage to the midstream providers under the Existing Commitments; or (2) the Existing Commitments themselves, so that the Existing Commitments no longer exist as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment."

44. Maverick's, Mesquite's, UnSub's, Venado's, Eagle Ford's, and Mitsui's breaches of their promises have damaged Carnero by denying it the benefit of its bargain to collect millions of dollars in fees from gathering, processing, and purchasing the Dedicated Gas from the Dedicated

Acreage as per the terms of the GGPA and has caused the GGPA to fail of essential purpose from the destruction of the consideration these parties gave to Carnero, and on which it relied, for its execution of the GGPA.

**C. Breach of Contract – Mesquite**

45. The Defendants are parties to valid and enforceable agreements with Carnero.

46. By virtue of its Ratification Agreement and the GGPA Amendment, Mesquite, as successor to Gavilan, is a party to the GGPA with Carnero.

47. Mesquite promised to deliver its Dedicated Gas from the Dedicated Acreage to Carnero under the GGPA subject only to the Existing Commitments as they "exist[ed] on the Effective Date" of the GGPA for the "then-current term of such Existing Commitment."

48. On or about October 16, 2020, Mesquite acquired Gavilan's interest in the Comanche Assets, but Gavilan did not assign the Comanche PSA to Mesquite. Mesquite's interest in the Comanche Assets is, thus, free and clear of any obligations in the Comanche PSA. As a result, Mesquite did not assume the obligation to be bound by the Existing Commitments, and therefore, is not required to deliver its Dedicated Gas to the midstream providers under the Existing Commitments. Carnero was entitled to gather and process Mesquite's Dedicated Gas under the GGPA after October 16, 2020.

49. On information and belief, Mesquite has breached its promise by amending or participating in amending (1) the Midstream Agency Agreement or other agreements that flow gas from the Dedicated Acreage to the midstream providers under the Existing Commitments; or (2) the Existing Commitments themselves, so that its Dedicated Gas was again made subject to the Existing Commitments, rather than being directed to Carnero under the GGPA.

50. Mesquite's breach of its promise has damaged Carnero by denying it the benefit of its bargain to collect millions of dollars in fees from receiving Mesquite's Dedicated Gas from the Dedicated Acreage as per the terms of the GGPA and has caused the GGPA to fail of essential purpose from the destruction of the consideration Mesquite gave to Carnero, and on which it relied, for its execution of the GGPA.

**D. Attorney's Fees**

51. Carnero seeks an award of its attorney's fees under Texas Civil Practice & Remedies Code Chs. 37 and 38, and any other applicable statutes, and as allowed by the GGPA, the GGPA Amendment, the Ratification Agreements, the Letter Agreement, or other applicable agreement.

**E. Conditions Precedent**

52. All conditions precedent to Plaintiff's right to recover against Defendants has occurred, has been performed, or has otherwise been waived.

## VIII. <u>Relief Requested</u>

Plaintiff Carnero G&P LLC respectfully requests that the Court:

a. declare the parties' rights under the GGPA, the GGPA Amendment, the Ratification Agreements, and the Letter Agreement as set forth above;

b. award Plaintiff its reasonable and necessary attorney's fees; and

c. award Plaintiff such other and further relief, general or special, legal or equitable, to which it may be justly entitled.

Dated: January 27, 2022.

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ Eugene M. Nettles*

Eugene M. Nettles
State Bar No. 14927300
Joshua W. Wolfshohl
State Bar No. 24038592
Amy C. Falcon
State Bar No. 24053576
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6295
enettles@porterhedges.com
jwolfshohl@porterhedges.com
afalcon@porterhedges.com

**ATTORNEYS FOR PLAINTIFF CARNERO G&P LLC**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacqueline Chin on behalf of Amy Falcon
Bar No. 24053576
jchin@porterhedges.com
Envelope ID: 61211675
Status as of 1/27/2022 12:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy CFalcon | | afalcon@porterhedges.com | 1/27/2022 12:48:58 PM | SENT |
| Eugene MNettles | | emnettles@porterhedges.com | 1/27/2022 12:48:58 PM | SENT |
| Joshua Wolfshohl | | jwolfshohl@porterhedges.com | 1/27/2022 12:48:58 PM | SENT |
| Jacqueline Chin | | jchin@porterhedges.com | 1/27/2022 12:48:58 PM | SENT |

2/10/2022 2:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61635071
By: A Davis
Filed: 2/10/2022 2:20 PM

# AFFIDAVIT OF SERVICE

**State of Texas** **County of Harris** **215th Judicial District Court**

Case Number: 202204224

Plaintiff:
**CARNERO G&P LLC**

vs.

Defendant:
**SN EF UNSUB, LP, et al**

Received these papers on the 2nd day of February, 2022 at 9:20 am to be served on **EAGLE FORD TX, LP care of its Registered Agent, CAPITOL CORPORATE SERVICES, INC., 206 E. 9th Street, Suite 1300, Austin, Travis County, TX 78701.**

I, Vivian Smith, being duly sworn, depose and say that on the **2nd day of February, 2022 at 10:50 am, I:**

hand-delivered a true copy of this **Citation together with Plaintiff's Amended Petition,** to **EAGLE FORD TX, LP care of its Registered Agent, CAPITOL CORPORATE SERVICES, INC.** by and through its designated agent, **MARY ANN QUICK,** at the address of: **206 E. 9th Street, Suite 1300, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 2nd day of February, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

SCOTT L. THOMAS
NOTARY PUBLIC
STATE OF TEXAS
ID# 10407286
EXPIRES 1-9-2024

**Vivian Smith**
PSC-12617, Exp. 5/31/2022

Our Job Serial Number: THP-2022000594
Ref: 032-0461

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2c

Receipt Number: 917802
Tracking Number: 73966473

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202204224

| | |
|---|---|
| PLAINTIFF: CARNERO G&P LLC | In the 215th Judicial |
| vs. | District Court of |
| DEFENDANT: SN EF UNSUB LP | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: EAGLE FORD TX LP MAY BE SERVED THROUGH ITS REGISTERED AGENT CAPITOL CORPORATE SERVICES INC
206 E 9TH STREET SUITE 1300
AUSTIN TX 78701

Attached is a copy of PLAINTIFFS AMENDED PETITION.

This instrument was filed on January 27, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this January 28, 2022.

DISTRICT COURT OF HARRIS COUNTY, TEXAS

Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CYNTHIA CLAUSELL

Issued at request of:
FALCON, AMY COATES
1000 MAIN STREET, STE 3600
HOUSTON, TX 77002
713-226-6681

Bar Number: 24053576

Tracking Number: 73966473
EML

CAUSE NUMBER: 202204224

| | |
|---|---|
| PLAINTIFF: CARNERO G&P LLC | In the 215th |
| vs. | Judicial District Court |
| DEFENDANT: SN EF UNSUB LP | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at ________o'clock ____. M., on the _______ day of ______________________, 20______.

Executed at (address) ______________________________
in _____________ County
at _______ o'clock ____. M., on the _______ day of ______________________, 20 _____,

by delivering to ______________________________ defendant,
in person, a true copy of this
Citation together with the accompanying ______ copy(ies) of the ______________________ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this ________ day of ______________________, 20 ______.

FEE: $ ____________ ______________________________

____________ of ____________

County, Texas

______________________ By: ______________________________
Affiant Deputy

On this day, ______________________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _________ of ______________________, 20 _____

______________________________
Notary Public

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacqueline Chin on behalf of Amy Falcon
Bar No. 24053576
jchin@porterhedges.com
Envelope ID: 61635071
Status as of 2/10/2022 2:23 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy CFalcon | | afalcon@porterhedges.com | 2/10/2022 2:20:28 PM | SENT |
| Eugene MNettles | | emnettles@porterhedges.com | 2/10/2022 2:20:28 PM | SENT |
| Joshua Wolfshohl | | jwolfshohl@porterhedges.com | 2/10/2022 2:20:28 PM | SENT |
| Jacqueline Chin | | jchin@porterhedges.com | 2/10/2022 2:20:28 PM | SENT |

2/10/2022 2:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61635362
By: A Davis
Filed: 2/10/2022 2:24 PM

**CAUSE NO. 2022-04224**

| | | |
|---|---|---|
| **CARNERO G&P LLC,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff(s),** | § | |
| **vs.** | § | |
| | § | **215TH JUDICIAL DISTRICT** |
| **SN EF UNSUB, LP, EAGLE FORD TX LP, et al.,** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **Defendant(s).** | § | |

## RETURN OF SERVICE

Came to my hand on **Tuesday, February 1, 2022 at 7:00 PM,**
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
at **2:28 PM**, on **Wednesday, February 2, 2022**, by delivering to the within named:

**MESQUITE ENERGY INC (A CORPORATION)**

By delivering to its **Registered Agent, CT CORPORATION SYSTEM**
By delivering to its **Authorized Employee, TERRI THONGSAVAT**
a true copy of this

**CITATION and PLAINTIFF'S AMENDED PETITION**

having first endorsed thereon the date of the delivery.

*BEFORE ME, the undersigned authority, on this day personally appeared Steven J. Treni who after being duly sworn on oath states: "My name is Steven J. Treni.* I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

By: [signature]
**Steven J. Treni - PSC 1912 - Exp 4/30/23**
**served@specialdelivery.com**

**Subscribed and Sworn to by Steven J. Treni, Before Me, the undersigned authority, on this 7th day of February, 2022.**

CHARITY N COLEMAN
Notary Public
STATE OF TEXAS
ID# 12523831-2
My Comm. Exp. March 21, 2025

[signature]
**Notary Public in and for the State of Texas**

COPY OF PLEADING PROVIDED BY PLT

CAUSE NO. 202204224

RECEIPT NO: 917802 TRACKING NO: 73966477
EML

| | |
|---|---|
| Plaintiff:<br>CARNERO G&P LLC<br>vs.<br>Defendant:<br>SN EF UNSUB LP | In The 215th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To: MESQUITE ENERGY INC (A CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFFS AMENDED PETITION

This instrument was filed on January 27, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on January 28, 2022, under my hand and seal of said court.

Issued at the request of:

FALCON, AMY COATES
1000 MAIN STREET, STE 3600
HOUSTON, TX 77002
713-226-6681
Bar Number: 24053576

DISTRICT COURT OF HARRIS COUNTY TEXAS

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CYNTHIA CLAUSELL

EML

Tracking Number: 73966477

**CAUSE NUMBER: 202204224**

**PLAINTIFF: CARNERO G&P LLC**

**vs.**

**DEFENDANT: SN EF UNSUB LP**

**In the 215th**

**Judicial District Court of**

**Harris County, Texas**

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _______ o'clock ___. M. on the _________ day of ________________________, 20_____. Executed at

(Address)____________________________________________________________________________________ in

RETURN / AFFIDAVIT

PROOF / ATTACHED

____________________ County at o'clock ___. M. On the _________ day of ________________________, 20_____, by

Delivering to ______________________________________________ defendant, in person, a true copy of this Citation together with the accompanying ______ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _______________ day of ________________________________, 20.

Fees $_________________________

____________________________________________

Affiant

By________________________________________

Deputy

On this day, ________________________________________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this ______ day of ________________________________, 20__.

________________________________________

Notary Public

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacqueline Chin on behalf of Amy Falcon
Bar No. 24053576
jchin@porterhedges.com
Envelope ID: 61635362
Status as of 2/10/2022 2:32 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy CFalcon | | afalcon@porterhedges.com | 2/10/2022 2:24:22 PM | SENT |
| Eugene MNettles | | emnettles@porterhedges.com | 2/10/2022 2:24:22 PM | SENT |
| Joshua Wolfshohl | | jwolfshohl@porterhedges.com | 2/10/2022 2:24:22 PM | SENT |
| Jacqueline Chin | | jchin@porterhedges.com | 2/10/2022 2:24:22 PM | SENT |

2/10/2022 2:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61635680
By: A Davis
Filed: 2/10/2022 2:28 PM

**CAUSE NO. 2022-04224**

| | | |
|---|---|---|
| **CARNERO G&P LLC,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff(s),** | § | |
| **vs.** | § | **215TH JUDICIAL DISTRICT** |
| **SN EF UNSUB, LP, EAGLE FORD TX LP, et al.,** | § | |
| **Defendant(s).** | § | **HARRIS COUNTY, TEXAS** |

## RETURN OF SERVICE

Came to my hand on **Tuesday, February 1, 2022 at 7:00 PM,**
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
at **2:29 PM,** on **Wednesday, February 2, 2022,** by delivering to the within named:

**MITSUI E&P TEXAS LP**

By delivering to its **Registered Agent, CT CORPORATION SYSTEM**
By delivering to its **Authorized Employee, TERRI THONGSAVAT**
a true copy of this

**CITATION and PLAINTIFF'S AMENDED PETITION**

having first endorsed thereon the date of the delivery.

*BEFORE ME, the undersigned authority, on this day personally appeared Steven J. Treni who after being duly sworn on oath states: "My name is Steven J. Treni.* I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

By: [signature]
**Steven J. Treni - PSC 1912 - Exp 4/30/23**
**served@specialdelivery.com**

**Subscribed and Sworn to by Steven J. Treni, Before Me, the undersigned authority, on this** 7th **day of February, 2022.**

CHARITY N COLEMAN
Notary Public
STATE OF TEXAS
ID# 12523831-2
My Comm. Exp. March 21, 2025

[signature]
**Notary Public in and for the State of Texas**

Receipt Number: 917802
Tracking Number: 73966476

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202204224

| | |
|---|---|
| PLAINTIFF: CARNERO G&P LLC | In the 215th Judicial |
| vs. | District Court of |
| DEFENDANT: SN EF UNSUB LP | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: MITSUI E&P TEXAS LP MAY BE SERVED THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

Attached is a copy of PLAINTIFFS AMENDED PETITION.

This instrument was filed on January 27, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this January 28, 2022.

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CYNTHIA CLAUSELL

Issued at request of:
FALCON, AMY COATES
1000 MAIN STREET, STE 3600
HOUSTON, TX 77002
713-226-6681

Bar Number: 24053576

Tracking Number: 73966476
EML

CAUSE NUMBER: 202204224

PLAINTIFF: CARNERO G&P LLC — In the 215th

vs. — Judicial District Court

DEFENDANT: SN EF UNSUB LP — of Harris County, Texas

RETURN / AFFIDAVIT PROOF / ATTACHED

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at ________o'clock _____. M., on the ________ day of ________________, 20______.

Executed at (address) ________________________________
in ______________ County
at _______ o'clock _____. M., on the ________ day of ________________, 20 ______,
by delivering to ________________________________ defendant,
in person, a true copy of this
Citation together with the accompanying ______ copy(ies) of the ________________ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this ________ day of ________________, 20 ______.

FEE: $ ____________

________________________________

______________ of ______________

County, Texas

________________________________ By: ________________________________

Affiant — Deputy

On this day, ________________________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this ________ of ________________, 20 ______

________________________________

Notary Public

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacqueline Chin on behalf of Amy Falcon
Bar No. 24053576
jchin@porterhedges.com
Envelope ID: 61635680
Status as of 2/10/2022 2:34 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy CFalcon | | afalcon@porterhedges.com | 2/10/2022 2:28:37 PM | SENT |
| Eugene MNettles | | emnettles@porterhedges.com | 2/10/2022 2:28:37 PM | SENT |
| Joshua Wolfshohl | | jwolfshohl@porterhedges.com | 2/10/2022 2:28:37 PM | SENT |
| Jacqueline Chin | | jchin@porterhedges.com | 2/10/2022 2:28:37 PM | SENT |

2/10/2022 2:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61636271
By: A Davis
Filed: 2/10/2022 2:35 PM

**CAUSE NO. 2022-04224**

| | | |
|---|---|---|
| **CARNERO G&P LLC,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff(s),** | § | |
| **vs.** | § | **215TH JUDICIAL DISTRICT** |
| **SN EF UNSUB, LP, EAGLE FORD TX LP, et al.,** | § | |
| **Defendant(s).** | § | **HARRIS COUNTY, TEXAS** |

# RETURN OF SERVICE

Came to my hand on **Tuesday, February 1, 2022 at 7:00 PM,**
Executed at: **1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**
at **2:28 PM**, on **Wednesday, February 2, 2022**, by delivering to the within named:

**SN EF MAVERICK LLC**

By delivering to its **Registered Agent, CT CORPORATION SYSTEM**
By delivering to its **Authorized Employee, TERRI THONGSAVAT**
a true copy of this

**CITATION and PLAINTIFF'S AMENDED PETITION**

having first endorsed thereon the date of the delivery.

BEFORE ME, the undersigned authority, on this day personally appeared Steven J. Treni who after being duly sworn on oath states: "My name is Steven J. Treni. I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I am familiar with the Texas Rules of Civil Procedure, and the Texas Civil Practice and Remedies Codes as they apply to service of process. I am certified by the Judicial Branch Certification Commission to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas in compliance with rule 103 and 501.2 of the TRCP."

By: ______________________
**Steven J. Treni - PSC 1912 - Exp 4/30/23**
**served@specialdelivery.com**

**Subscribed and Sworn to by Steven J. Treni, Before Me, the undersigned authority, on this** 7th **day of February, 2022.**

CHARITY N COLEMAN
Notary Public
STATE OF TEXAS
ID# 12523831-2
My Comm. Exp. March 21, 2025

______________________
**Notary Public in and for the State of Texas**

Receipt Number: 917802
Tracking Number: 73966474

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202204224

| | |
|---|---|
| PLAINTIFF: CARNERO G&P LLC | In the 215th Judicial |
| vs. | District Court of |
| DEFENDANT: SN EF UNSUB LP | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: SN EF MAVERICK LLC MAY BE SERVED THROUGH ITS REGISTERED AGENT C T CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

Attached is a copy of PLAINTIFFS MENDED PETITION.

This instrument was filed on January 27, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this January 28, 2022.

DISTRICT COURT OF HARRIS COUNTY TEXAS

Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CYNTHIA CLAUSELL

Issued at request of:
FALCON, AMY COATES
1000 MAIN STREET, STE 3600
HOUSTON, TX 77002
713-226-6681

Bar Number: 24053576

Tracking Number: 73966474
EML

CAUSE NUMBER: 202204224

| | |
|---|---|
| PLAINTIFF: CARNERO G&P LLC | In the 215th |
| vs. | Judicial District Court |
| DEFENDANT: SN EF UNSUB LP | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at ________o'clock _____. M., on the ________ day of ______________________________, 20______.

Executed at (address) ______________________________ in ______________ County at _______ o'clock _____. M., on the ________ day of ______________________________, 20 ______,

by delivering to ______________________________ defendant, in person, a true copy of this Citation together with the accompanying ______ copy(ies) of the ______________________________ Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this ________ day of ______________________________, 20 ______.

FEE: $ ____________

______________________________

______________ of ______________

County, Texas

RETURN / AFFIDAVIT PROOF ATTACHED

______________________________ By: ______________________________

Affiant Deputy

On this day, ______________________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this ________ of ______________________________, 20 ______

______________________________

Notary Public

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacqueline Chin on behalf of Amy Falcon
Bar No. 24053576
jchin@porterhedges.com
Envelope ID: 61636271
Status as of 2/10/2022 2:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy CFalcon | | afalcon@porterhedges.com | 2/10/2022 2:35:30 PM | SENT |
| Eugene MNettles | | emnettles@porterhedges.com | 2/10/2022 2:35:30 PM | SENT |
| Joshua Wolfshohl | | jwolfshohl@porterhedges.com | 2/10/2022 2:35:30 PM | SENT |
| Jacqueline Chin | | jchin@porterhedges.com | 2/10/2022 2:35:30 PM | SENT |

2/22/2022 8:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61988423
By: A Davis
Filed: 2/22/2022 8:05 PM

Cause No. 2022-04224

| | | |
|---|---|---|
| Carnero G&P, LLC | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| SN EF Unsub LP, Eagle Ford TX LP, Venado EF L.P., Mitsui E&P Texas LP, SN EF Maverick, LLC, and Mesquite Energy, Inc. | § | |
| | § | 215th DISTRICT COURT |
| *Defendants*. | | |

# STIPULATION

By the signatures of the counsel below, Plaintiff Carnero G&P, LLC and Defendants SN EF Unsub LP, Eagle Ford TX LP, Javelin EF L.P. (f/k/a Venado EF L.P.), Mitsui E&P Texas LP, SN EF Maerick, LLC, and Mesquite Energy, Inc. (collectively "**Defendants**") have agreed to extend the Defendants' deadline to file responsive pleadings, including, without limitation, an answer, in connection with the above-captioned lawsuit, until **February 28, 2022.**

*/s/ Joshua W. Wolfshohl*
Eugene M. Nettles
Joshua W. Wolfshohl
Amy C. Falcon
**Porter Hedges LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6295
enettles@porterhedges.com
jwolfshohl@porterhedges.com
afalcon@porterhedges.com

**Attorneys for Plaintiff Carnero G&P, LLC**

*/s/ Duston K. McFaul*
Duston K. McFaul
Maegan Quejada
**Sidley Austin LLP**
1000 Louisiana St., Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
dmcfaul@sidley.com
mquejada@sidley.com

**Attorneys for Defendant Mitsui E&P Texas LP**

*/s/ Sydney Corry*
Sydney Corry
**Kirkland & Ellis LLP**
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
sydney.corry@kirkland.com

**Attorney for Defendant Javelin EF L.P. (f/k/a Venado EF L.P.)**

*/s/ James G. Munisteri*
James G. Munisteri
**Foley & Lardner LLP**
Texas Bar No. 14667380
1000 Louisiana, Suite 2000
Houston, Texas 77002
Tel. 713.276.5500 / Fax
713.276.5555
jmunisteri@foley.com

Sara Ann Brown
**Foley & Lardner LLP**
Texas Bar No. 24075773
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Tel. 214.999.4887 / Fax
214.999.4667
sabrown@foley.com

Dennis Jenkins
Agustina G. Berro
Joseph Bretschneider
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8276
Facsimile: (212) 728-8111
djenkins@willkie.com
jbretschneider@willkie.com

Mark T. Stancil
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1133
Facsimile: (202) 303-2133
mstancil@willkie.com

**Attorneys for Defendants Mesquite Energy, Inc. and SN EF Maverick, LLC**

*/s/ Thomas A. Wooley, III*
Thomas A. Woolley, III
**McCloskey Roberson, PLLC**
945 Heights Blvd.
Houston, Texas 77008
Telephone: (713) 337-3910
Facsimile: (713) 868-1275
rwoolley@mrwpllc.com

Paul M. Basta
Alice Belisle Eaton
Andrew J. Ehrlich
Sean A. Mitchell
Justin D. Ward
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3900
pbasta@paulweiss.com
aeaton@paulweiss.com
aehrlich@paulweiss.com
smitchell@paulweiss.com
jward@paulweiss.com

**Attorneys for Defendant SN EF Unsub, LP**

*/s/ Julia Frost-Davies*
Michelle Pector, Esq.
Jared Wilkerson, Esq.
**Morgan, Lewis & Bockius LLP**
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
michelle.pector@morganlewis.com
jared.wilkerson@morganlewis.com

Julia Frost-Davies, Esq.
Amy L. Kyle, Esq.
**Morgan, Lewis & Bockius LLP**
One Federal Street
Boston, MA 02215
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
julia.frost-
davies@morganlewis.com
amy.kyle@morganlewis.com

**Attorneys for Defendant Eagle Ford TX, LP**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sara Brown on behalf of Sara Brown
Bar No. 24075773
sabrown@foley.com
Envelope ID: 61988423
Status as of 2/23/2022 8:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy CFalcon | | afalcon@porterhedges.com | 2/22/2022 8:05:25 PM | SENT |
| Eugene MNettles | | emnettles@porterhedges.com | 2/22/2022 8:05:25 PM | SENT |
| Joshua Wolfshohl | | jwolfshohl@porterhedges.com | 2/22/2022 8:05:25 PM | SENT |
| Jacqueline Chin | | jchin@porterhedges.com | 2/22/2022 8:05:25 PM | SENT |
| Duston K.McFaul | | dmcfaul@sidley.com | 2/22/2022 8:05:25 PM | SENT |
| Maegan Quejada | | mquejada@sidley.com | 2/22/2022 8:05:25 PM | SENT |
| Thomas Andrew Woolley | 24042193 | twoolley@mrwpllc.com | 2/22/2022 8:05:25 PM | SENT |
| James Munisteri | | jmunisteri@foley.com | 2/22/2022 8:05:25 PM | SENT |
| Sara AnnBrown | | sabrown@foley.com | 2/22/2022 8:05:25 PM | SENT |