**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Carnero G&P, LLC,<br>Plaintiff,<br>v.<br>SN EF Maverick, LLC, Mesquite Energy, Inc., Eagle Ford TX LP, Venado EF L.P., Mitsui E&P Texas LP, and SN EF UnSub, LP,<br>Defendants. | Adv. No. 22-03035 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED PETITION**

Defendants SN EF Maverick, LLC ("Maverick"), Mesquite Energy, Inc. ("Mesquite"), Eagle Ford TX LP ("Eagle Ford"), Javelin EF L.P. (f/k/a Venado EF L.P.) ("Javelin"), Mitsui E&P Texas LP ("Mitsui"), and SN EF UnSub, LP ("UnSub") (collectively, the "Defendants"), by and through their undersigned attorneys, submit the following as their Answer to Plaintiff's Amended Petition.

Except as expressly admitted below, Defendants deny each and every allegation in the Amended Petition.

**DISCOVERY CONTROL PLAN**

1. The allegations in Paragraph 1 constitute a statement of Plaintiff's legal position to which no response is required. To the extent that a response is required, Defendants admit that Plaintiff purports to pursue discovery in the manner pleaded in Paragraph 1.

**PARTIES**

2. Defendants deny knowledge and information sufficient to admit or deny the allegations in Paragraph 2, and on that basis deny the allegations in Paragraph 2.

3. Defendants admit that UnSub is a limited partnership organized under the laws of Delaware, that its principal place of business is in Houston, Texas, and that it may be served as alleged in Paragraph 3. Defendants deny that the address for UnSub's principal place of business is 1000 Main Street, Suite 3000, Houston, Texas.

4. Defendants admit that Eagle Ford is a limited partnership organized under the laws of Texas, that its principal place of business is in Houston, Texas, and that it may be served as alleged in Paragraph 3. Defendants deny that the address for Eagle Ford's principal place of business is 555 San Felipe Road, Suite 1175, Houston, Texas 77056.

5. Defendants admit the allegations in Paragraph 5.

6. Defendants admit that Javelin is a limited partnership organized under the laws of Delaware, that its principal place of business is in Austin, Texas, and that it may be served as alleged in Paragraph 6. Defendants deny that the address for Javelin's principal place of business is 13501 Galleria Circle, Suite 350, Austin, Texas 78738.

7. Defendants admit that Mitsui is a limited partnership organized under the laws of Texas, that its principal place of business is in Houston, Texas, and that it may be served as alleged in Paragraph 3. Defendants deny that the address for Mitsui's principal place of business is 9 Greenway Plaza, Suite 1250, Houston, Texas 77046.

8. Defendants admit the allegations in Paragraph 8.

## JURISDICTION

9. The allegations in Paragraph 9 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that the United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter, as set forth in the *Notice of Removal* [Dkt. No. 1] filed by Defendants on February 28, 2022. Defendants deny any remaining allegations in Paragraph 9.

**VENUE**

10. The allegations in Paragraph 10 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants admit the allegations in Paragraph 10.

**RULE 47 STATEMENT OF RELIEF**

11. The allegations in Paragraph 11 constitute a statement of Plaintiff's legal position to which no response is required. To the extent that a response is required, Defendants admit that Plaintiff purports to pursue the relief pleaded in Paragraph 11, but deny any entitlement to such relief.

**FACTUAL BACKGROUND**

12. Defendants admit that the dispute involves, in part, contracts relating to oil and gas operations on a lease in the Western Eagle Ford Shale in Texas. To the extent Plaintiff contends that the allegations in Paragraph 12 fully describe this dispute, Defendants deny the allegations in Paragraph 12.

13. Defendants admit, prior to January 2017, Eagle Ford, Javelin, Mitsui, Anadarko E&P Onshore LLC, and Kerr-McGee Oil & Gas Onshore LP all owned working interests in approximately 300,000 gross acres of oil and gas rights predominantly in the western portion of the Eagle Ford Shale.

14. Defendants admit that certain parties entered into a Purchase and Sale Agreement ("PSA") dated January 12, 2017, to which Defendants refer the Court for its true and correct terms, which speak for themselves, and deny Plaintiff's characterization thereof.

15. Defendants admit that Gavilan and Mesquite entered into an Asset Purchase Agreement (the "Gavilan APA") to which Defendants refer the Court for its true and correct terms, which speak for themselves, and deny Plaintiff's characterization thereof.

16. Defendants admit that, currently, Mesquite Comanche Holdings, LLC ("MCom"), a wholly-owned subsidiary of Mesquite, Maverick, UnSub, and the WIPs own all of the working interests in the Comanche Assets.

17. Defendants admit that Anadarko (and/or certain of its affiliates) entered into various agreements with midstream service providers to which Defendants refer the Court for their true and correct terms, which speak for themselves. Defendants further admit that certain of those agreements were not subsequently directly assigned to Maverick, Gavilan, and UnSub. Defendants otherwise deny Plaintiff's characterization of those agreements and the "Existing Commitments" (as defined in either the Amended Petition or the GGPA (as defined below)).

18. Defendants admit that Anadarko and Maverick entered into the Midstream Agency Agreement, to which Defendants refer the Court for its true and correct terms, which speak for themselves, and deny Plaintiff's characterization thereof.

19. Paragraph 19 constitutes legal conclusions purporting to define legal relationships among Maverick, UnSub, and the WIPs with respect to the Existing Commitments and the Midstream Agency Agreement, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 19.

20. Defendants admit that Maverick and Carnero entered into a Firm Gas Gathering, Processing and Purchase Agreement (the "GGPA"), to which Defendants refer the Court for its true and correct terms, which speak for themselves, and deny Plaintiff's characterization thereof, including but not limited to Defendants' obligations under the GGPA. Defendants further admit that UnSub, Maverick, Gavilan, Eagle Ford, Javelin and Carnero entered into certain Ratification Agreements, to which Defendants refer the Court for their true and correct terms, which speak

for themselves, and deny Plaintiff's characterization thereof, including but not limited to Plaintiff's characterization of Defendants' obligations under such agreements.

21. Defendants admit that Mitsui, Maverick, and Carnero signed a Letter Agreement effective April 1, 2018 ("Letter Agreement") to which Defendants refer the Court for its true and correct terms, which speak for themselves, and deny Plaintiff's characterization thereof.

22. Defendants admit that certain parties entered into the GGPA, to which Defendants refer the Court for its true and correct terms, which speak for themselves, and which agreement defines "Dedicated Gas," "Dedicated Acreage," and "Producer," but otherwise deny Plaintiff's characterization of Defendants' obligations under the agreement.

23. Defendants admit that certain parties entered into or ratified the GGPA, to which Defendants refer the Court for its true and correct terms, which speak for themselves, and deny Plaintiff's characterization thereof.

24. Defendants admit that Gavilan sold its interest in the Comanche Assets to MCom on or about October 16, 2020, through the Gavilan APA to which Defendants refer the Court for its true and correct terms, which speak for themselves, and deny any characterization thereof.

25. Defendants admit that (A) on December 21, 2021, pursuant to that certain Stipulation and Agreed Order (the "Oxy/Wes Stipulation and Order") [Dkt. No. 2253] entered by the Court, and that certain Second Amended Joint Chapter 11 Plan of Reorganization of Sanchez Energy Corporation and its Debtor Affiliates (the "Plan") [Dkt. No. 1205], Maverick and Mesquite assumed certain executory contracts and unexpired leases relating to the Existing Commitments, in some cases with amendments, and that in connection therewith, (i) Occidental Petroleum Corporation, Anadarko Petroleum Corporation, Anadarko Energy Services Company, Anadarko E&P Onshore LLC (f/k/a Anadarko E&P Company LP), Kerr-McGee Oil & Gas

Onshore LP, Western Midstream Partners, LP, Springfield Pipeline LLC, WGR Operating, LP, Mesquite, Maverick, MCom, and for limited purposes UnSub, entered into a Master Settlement Agreement, and (ii) Maverick and UnSub entered into an amendment in respect of the Hydrocarbons Purchase and Marketing Agreement (the "HPMA"), and (B) on June 28, 2021, pursuant to the Plan and that certain Stipulation of Dismissal and Agreed Order (the "UnSub Stipulation and Order"), [Dkt. No. 1983] entered by the Court, Mesquite and Maverick, among others, assumed and rejected certain executory contracts and unexpired leases related to the Existing Commitments, and, in connection therewith, Maverick and UnSub entered into an amendment in respect of the HPMA. Defendants refer the Court to the aforementioned agreements for their true and correct contents, which speak for themselves, and deny Plaintiff's characterization thereof.[1]

**CAUSES OF ACTION**

34. Defendants incorporate by reference their responses in the preceding paragraphs.[2]

35. The allegations in Paragraph 35 constitute a statement of Plaintiff's legal position to which no response is required. To the extent that a response is required, Defendants admit that Carnero purports to pursue a claim pursuant to Texas Uniform Declaratory Judgment Act, §37.001, *et seq.* of the Texas Civil Practice and Remedies Code, admit that Carnero is party to the contracts identified in Paragraph 35, and otherwise deny the allegations in Paragraph 35.

36. The allegations in Paragraph 36 constitute a statement of Plaintiff's legal position to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 36.

---

1 For clarity, this Answer cites entries on the docket of the main bankruptcy case as "Dkt. No. __".

2 Paragraphs 26-33 have been omitted from the Amended Petition. Defendants therefore have omitted Paragraphs 26-33 from their Answer to avoid confusion.

37. Paragraph 37 constitutes legal conclusions to which no response is required. To the extent that a response is required, Defendants admit the allegations in Paragraph 37.

38. Paragraph 38 constitutes legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 38.

39. Defendants admit the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants admit that Mitsui is a party to the Letter Agreement, to which Defendants refer the Court for its true and correct terms, which speak for themselves, and deny Plaintiff's characterization thereof.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. The allegations in Paragraph 45 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants admit that on or about October 16, 2020, MCom acquired certain of Gavilan's interests in the Comanche Assets pursuant to the Gavilan APA, but otherwise deny Plaintiff's characterization of the Gavilan APA or the other agreements referenced in Paragraph 48, to which Defendants refer the Court for their true and correct terms, which speak for themselves. Defendants otherwise deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. The allegations in Paragraph 51 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 51.

52. The allegations in Paragraph 52 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 52.

**AFFIRMATIVE DEFENSES**

53. Plaintiff's claims are barred, in whole or part, because it has failed to state any claim for which relief can be granted.

54. Plaintiff's claims are barred, in whole or part, because they were not damaged.

55. Plaintiff's claims are barred, in whole or part, because of the doctrine of laches.

56. Plaintiff's claims are barred, in whole or part, because of the doctrine of estoppel.

57. Plaintiff's claims are barred, in whole or part, because of the doctrine of unclean hands.

58. Plaintiff's claims are barred, in whole or part, because of the doctrine of waiver.

59. Plaintiff's claims are barred, in whole or part, because of Plaintiff's failure to comply with Section 15.2 of the GGPA.

60. Plaintiff's claims are barred, in whole or in part, by the Plan, the Order Approving Disclosure Statement and Confirming Second Amended Joint Chapter 11 Plan of Reorganization [Dkt. No. 1212], the Oxy/Wes Stipulation and Order, the UnSub Stipulation and Order and/or bankruptcy law.

61. Plaintiff's claims are barred, in whole or in part, by Plaintiff's breach of the settlement agreement, dated June 6, 2020, by and among Plaintiff, the Debtors (as defined in the

Plan), Catarina Midstream LLC, Seco Pipeline, LLC, Sanchez Midstream Partners, LP, Sanchez Midstream Partners GP, LLC, SP Holdings, LLC and TPL SouthTex Processing Company LP (the "Carnero Settlement Agreement"). The parties acknowledged at the June 29-30, 2020 hearing before the Court that the Carnero Settlement Agreement would not preordain the Debtors' midstream restructuring, and that the Debtors would have to renegotiate the terms of the Midstream Agency Agreement if they were unable to reject it. Carnero's counsel did not dispute these statements. The parties' understanding was clear—Mesquite would not face liability (beyond returning the $8 million letter of credit proceeds to Carnero) for terminating the Carnero Settlement Agreement and renegotiating and assuming the Midstream Agency Agreement. Carnero breached the Carnero Settlement Agreement by repudiating this clear understanding and initiating this action. Carnero also breached Section 6.2.1 of the Carnero Settlement Agreement by suing Defendants in Texas state court.

Respectfully submitted this 7th day of March, 2022.

*/s/ James G. Munisteri*
James G. Munisteri
Texas Bar No. 14667380
Sharon M. Beausoleil
Texas Bar No. 24025245
**Foley & Lardner LLP**
1000 Louisiana, Suite 2000
Houston, Texas 77002
Telephone: (713) 276-5500
Facsimile: (713) 276-5555
jmunisteri@foley.com
sbeausoleil@foley.com

Sara Ann Brown
**Foley & Lardner LLP**
Texas Bar No. 24075773
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-4887
Facsimile: (214) 999-4667
sabrown@foley.com

Dennis Jenkins
Agustina G. Berro
Joseph Bretschneider
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8276
Facsimile: (212) 728-8111
djenkins@willkie.com
aberro@willkie.com
jbretschneider@willkie.com

Mark T. Stancil
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W.
Washington, DC 20006-1238
Telephone: (202) 303-1133
Facsimile: (202) 303-2133
mstancil@willkie.com

**Attorneys for Plaintiff Mesquite Energy, Inc.**

*/s/ Thomas A. Woolley, III*
Thomas A. Woolley, III
**McCloskey Roberson, PLLC**
945 Heights Blvd.
Houston, Texas 77008
Telephone: (713) 337-3910
Facsimile: (713) 868-1275
woolley@mrwpllc.com

Paul M. Basta Alice
Belisle Eaton
Andrew J. Ehrlich
Sean A. Mitchell
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas New York, New York 10019 Telephone: (212) 373-3000
Facsimile: (212) 757-3900
pbasta@paulweiss.com
aeaton@paulweiss.com
aehrlich@paulweiss.com
smitchell@paulweiss.com

**Attorneys for Plaintiff SN EF UnSub, LP**

*/s/ Michelle Pector*
Michelle Pector
Jared Wilkerson
**Morgan, Lewis & Bockius LLP**
1000 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
michelle.pector@morganlewis.com
jared.wilkerson@morganlewis.com

Julia Frost-Davies
Amy L. Kyle
**Morgan, Lewis & Bockius LLP**
One Federal Street
Boston, MA 02215
Telephone: (617) 341-7700
Facsimile: (617) 341-7701
julia.frost-davies@morganlewis.com
amy.kyle@morganlewis.com

**Attorneys for Plaintiff Eagle Ford TX, LP**

*/s/ Sydney Corry*
Sydney Corry
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
sydney.corry@kirkland.com

Conor P. McNamara
**Kirkland & Ellis LLP**
**Kirkland & Ellis International LLP**
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
conor.mcnamara@kirkland.com

**Attorney for Plaintiff Javelin EF L.P. (f/k/a Venado EF L.P.)**

*/s/ Duston K. McFaul*
Duston K. McFaul
Maegan Quejada
**Sidley Austin LLP**
1000 Louisiana St., Suite 5900
Houston, Texas 77002
Telephone: (713) 495-4500
dmcfaoul@sidley.com
mquejada@sidly.com

**Attorneys for Plaintiff Mitsui E&P Texas LP**

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 7, 2022, a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in this matter.

*/s/ James G. Munisteri*
James G. Munisteri